CITY OF LEBANON *v.* DEBARD ET AL.

[No. 16,709. Filed December 5, 1941.]

*Thomas O. Beck,* of Lebanon, for appellant.

*Ira M. Sharp,* of Thorntown, for appellees.

BLESSING, J.—This is an appeal from a judgment of the Boone Circuit Court reinstating the appellees as members of the Fire Department of the appellant city. The appellees had been dismissed from said department by action of the city authorities and following their dismissal brought their action, in the nature of an appeal, for reinstatement, pursuant to the provisions of chapter 282 of the Acts of 1935, p. 1395; § 48-6105, Burns' 1933 (Supp.).

The case was tried by the court upon appellees' amended verified complaint and the general denial interposed by the statute. No money judgment was prayed in the complaint; but in addition to the prayer for

restoration to their former positions, the appellees asked that they be granted all proper relief in the premises.

The trial court after hearing the evidence rendered judgment setting out such facts as are required by the statute and reinstating appellees to their former positions as firemen on appellant's fire force. In addition to this relief, the court decreed that each of the appellees was entitled to all the salary, wages and emoluments of his position from and after the first day of January, 1939 (the date of their dismissal) in the same manner and to the same extent as though said dismissal and discharge had not occurred.

The only assignment of error is predicated on the overruling of a motion for a new trial. Neither the motion for a new trial nor the ruling thereon is set out in the brief and there is no reference to the page in the transcript where such motion or the ruling thereon may be found. Under the heading, "Errors relied on for reversal," the appellant states that "the court erred in over-ruling appellant's motion for a new trial herein on each of the following grounds towit:" here follows what purports to be the specifications in the motion. With this situation before us, it is apparent that appellant's brief is defective in that there is a failure to comply with the first part of the fifth section of Rule 18 of the 1937 Rules of the Supreme and Appellate Courts, wherein it is required that there must be a "concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript." If we are to overlook this defect in appellant's brief we are of the opinion that no reversible error is presented to this court. The first specification in the motion for a new trial is the overruling of appellant's motion

for a separation of causes of action. This is not ground for a new trial; but treating the motion for a new trial as a petition for rehearing provided for by the Acts of 1935, p. 1395, and conceding, without deciding, that any ruling of the trial court may be attacked if such ruling is specified in said petition as constituting error, the specification in this case is of no avail to the appellant. The motion to separate causes of action was addressed to the original complaint. An amended complaint was filed which took both the original complaint and said motion out of the record. No motion to separate was addressed to the amended complaint. The second specification for a new trial was based on the refusal of the court to grant a continuance. There is no abuse of discretion of the court shown, nor is it made to appear that the error, if any, was harmful to the appellant.

The third and fourth specifications in appellant's motion for a new trial are:

"3. The decision or finding of the court is not sustained by sufficient evidence.

"4. The decision or finding of the court is contrary to law."

These two specifications require consideration of the evidence. Appellant's brief fails to show that any time was given by the trial court in which to file a bill of exceptions containing the evidence or that any bill of exceptions was ever filed or made part of the record. Questions arising upon the evidence, without the bill of exceptions containing the evidence, cannot be considered. *Union Ins. Co. of Indiana* v. *Glover* (1941), 109 Ind. App. 315, 34 N. E. (2d) 934, and cases cited therein.

Appellant's fifth specification for a new trial is:

"5. The assessment of the amount of recovery is erroneous, being too large."

No money judgment was awarded. Any question arising on the evidence in support of this specification cannot be considered for the reasons hereinbefore stated. The act of 1935, specifically provides that: "If such decision be reversed or modified, then such board shall pay to the party entitled thereto any salary or wages withheld from such party pending such appeal (referring to the appeal to the Circuit Court) and to which he or she may be entitled under the judgment of said court." § 48-6105, Burns' 1933 (Supp.). The court awarded no damages and bound the city to pay only the salaries of appellees from the date of dismissal. Nothing is presented to this court showing any error of the trial court in entering the order of which appellant complains.

Finding no reversible error, the judgment of the lower court is hereby affirmed.

NOTE.—Reported in 37 N. E. (2d) 718.