BOLE *v.* CIVIL CITY OF LIGONIER ETC.

[No. 30,230. Filed March 30, 1962.]

*Albert J. Kuster*, of Ligonier, and *Robert J. Parrish*, of Fort Wayne, for appellant-relator.

*John C. Hagen*, of Ligonier, and *Wilbur A. Royse*, of Indianapolis, for appellee.

*Glenn E. Thrapp, pro se.*

LANDIS, J.—This case comes to us on petition to transfer from the Appellate Court pursuant to Burns' §4-215, (1946 Repl.),[1] the Appellate Court's opinion appearing in 174 N. E. 2d 412.

The facts necessary for a consideration of the case before us are as follows:

Elmer Bole, relator herein, was dismissed from the police force of the City of Ligonier by order of the

---

1. Acts 1901, ch. 247, §10, p. 565, 567; 1933, ch. 151, §1, p. 800.

Board of Public Works and Safety of that city, and he appealed to the Noble Circuit Court pursuant to Burns' §48-6105, (1950 Repl.),[2] resulting in the affirmance of the order of dismissal. On appeal to the Appellate Court an opinion was handed down on September 29, 1959, holding the dismissal of Bole by the Board to be arbitrary, capricious and contrary to law, and the cause was reversed with directions that it be remanded for further proceedings not inconsistent with such opinion. Such opinion is reported in 130 Ind. App. 362, 161 N. E. 2d 189. Rehearing was denied by the Appellate Court on October 21, 1959, and on February 26, 1960, transfer to the Supreme Court was denied.

On February 1, 1961, which was two terms of court thereafter, the appellant in said cause, Elmer Bole, filed in the Appellate Court under the cause number of the former appeal, a petition for writ of mandate entitled "STATE OF INDIANA on the relation of ELMER BOLE, Realtor v. THE NOBLE CIRCUIT COURT, GLENN E. THRAPP, as Special Judge of the Noble Circuit Court, Respondents" asking that respondent court be required to obey the decision of the Appellate Court and enter an order reinstating appellant-relator as a member of the Ligonier police force and further requiring the Board to pay him salary and wages from and after February 4, 1956, the date of his discharge.

The Appellate Court on February 17, 1961, issued an alternative writ directing respondent court: ". . . to make and enter a judgment and decree therein reinstating Elmer Bole to his former position as a member of the police force of the City of Ligonier,

---

2. Acts 1905, ch. 129, §160, p. 219, 339; 1933, ch. 86, §1, p. 577; 1935, ch. 282, §1, p. 1395.

Indiana, as of February 4, 1956, and an order requiring the Board of Public Works and Safety of the City of Ligonier to pay Elmer Bole all the salary, wages and emoluments of his position from and after February 4, 1956, in the same manner and to the same extent as though such dismissal and discharge had not occurred. Provided, however, that any and all earnings and income from other occupations or employment during the time of his wrongful discharge shall be deducted therefrom. On failure to do so, said Respondents shall file their return, showing any reason in law or in fact why this writ should not be made permanent, on or before the 28th day of February, 1961."

Meanwhile, however, relator on February 24, 1961, filed Petition for Rehearing on Mandate asserting the court's mandate was erroneous in that: (1) it was not in conformity with the statute; (2) it was in conflict with a prior ruling precedent of said court; and (3) it injected and applied common-law rules and procedures in a strictly statutory proceeding. Wherefore he asked the writ of mandate be set aside and vacated.

Pursuant thereto the Appellate Court on April 4, 1951, entered a new alternative writ of mandate directing respondent court: ". . . to comply with and obey the decision and opinion of the Appellate Court of Indiana heretofore rendered herein, and to make and enter a judgment and decree therein reinstating Elmer Bole to his former position as a member of the police force of the City of Ligonier, Indiana, as of February 4, 1956, and an order requiring the Board of Public Works and Safety of the City of Ligonier to pay Elmer Bole all the salary, wages and emoluments of his position from and after February 4, 1956, in the

same manner and to the same extent as though such dismissal and discharge had not occurred. On failure to do so, said Respondents shall file their return, showing any reason in law or in fact why this writ should not be made permanent, on or before the 14th day of April, 1961."

It will be noted that the proviso clause of the first alternative writ of mandate issued by the Appellate Court was omitted from said court's second alternative writ so that in the latter writ there was no deduction for income received from other occupations or employment.

On April 13, 1961, respondent court filed return to the writ expressing willingness to comply with any mandate of the Appellate Court, but requested instructions as to what should be done with the judgment and order previously entered in the Noble Circuit Court and as to what further action said court should take.

On April 28, 1961, the Appellate Court made permanent its second alternative writ of mandate previously issued on April 4, 1961, with instructions to the Noble Circuit Court to vacate its judgment and order entered February 24, 1961, and expunge the same from the record, and that it enter a judgment and order in compliance with the terms of the writ of mandate as heretofore issued. Rehearing was denied by the Appellate Court June 5, 1961.

Appellee-respondent contends on petition to transfer that while the Appellate Court after the term at which its opinion, reported in 161 N. E. 2d 189, was handed down, may have retained jurisdiction to effectuate the mandate of its opinion, it had no jurisdiction after term to modify its mandate as to matters of back salary which were not discussed in the

previous opinion and had not in fact been briefed by appellant on the appeal.

This contention of appellee-respondent is well-taken. It is a well recognized rule that an appellate tribunal ordinarily loses jurisdiction of a case at the expiration of the term at which the judgment was rendered and the mandate issued to the lower court, except for the purpose of enforcing or effectuating its judgment. *McBride* v. *Coleman, Rec.* (1919), 189 Ind. 7, 10, 125 N. E. 449, 450; 3 Am. Jur., Appeal and Error, §1265, p. 754.

The Appellate Court did not have authority at a subsequent term of court, to-wit on February 16, 1961 and subsequently, to change the mandate of its said previous and first opinion (reported in 130 Ind. App. 362, 161 N. E. 2d 189, *supra*) and on which rehearing had been denied October 21, 1959, and transfer to this Court ·denied on February 26, 1960, with reference to matters of appellant-relator's salary, which question had not previously been briefed or presented to the Appellate Court.

The writs of mandate issued by the Appellate Court in the cause of *Elmer Bole* v. *Civil City of Ligonier,* cause No. 19,122 in said court, subsequent to its first opinion in said cause (reported in 130 Ind. App. 362, 161 N. E. 2d 189, *supra*) are accordingly vacated and set aside, and the Noble Circuit Court consistent with the mandate of said first Appellate Court opinion is directed to take such further proceedings in accordance with said opinion according to statute[3] with

---

3. Burns' §48-6105 (1950 Repl.), *supra*, being Acts 1905, ch. 129, §160, p. 219, 339; 1933, ch. 86, §1, p. 577; 1935, ch. 282, §1, p. 1395. See also: *City of Lebanon* v. *DeBard* (1941), 110 Ind. App. 79, 37 N. E. 2d 718.

The case of *Mobley* v. *City of Evansville* (1960), 130 Ind. App. 575, 167 N. E. 2d 473, in so far as inconsistent with *City of Lebanon* v. *DeBard, supra,* is disapproved.

reference to appellant-relator's claim for reinstatement and back salary, all as prayed for in the pleadings filed in respondent court.

Arterburn, J., concurs; Achor, C. J., and Jackson and Bobbitt, JJ., concur in result.

NOTE.—Reported in 181 N. E. 2d 236.