Submitted May 20, reinstated June 3, 1965

IN THE MATTER OF THE APPLICATION OF
# PHILIP WEINSTEIN
402 P. 2d 751

Dwight L. Schwab, and Hutchinson, Schwab & Burdick, Portland, for the motion.

George W. Mead, Mark C. McClanahan and Michael J. Walsh, Portland, for the Oregon State Bar, contra.

Before McALLISTER, Chief Justice, and PERRY,

SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

McALLISTER, C. J.

This matter comes before us on the motion of Philip Weinstein for an order restoring his right to practice law.

Weinstein on February 7, 1962 was convicted in the District Court of the United States for the District of Oregon of the crime of using the mails to defraud in violation of 18 USC § 1341, and for conspiracy in violation of 18 USC § 371, both of which crimes are felonies. The Oregon State Bar promptly transmitted to this court a certified copy of said judgment of conviction, and based thereon this court on February 13, 1962, pursuant to our Rule I,① summarily suspended Weinstein's right to practice law.

Weinstein appealed his conviction to the United States Court of Appeals, and the appeal culminated in a reversal of the conviction and a dismissal of the indictment. We have been furnished with a certified copy of the order of the United States District Court dismissing the indictment.

---

① Rule I. "Whenever it appears to the Supreme Court that any member of the bar has been convicted of a misdemeanor involving moral turpitude or of a felony, the court may summarily suspend such member. A judgment on a plea of *nolo contendere* is deemed a conviction within the meaning of this rule. Rules of procedure relative to disbarment and discipline shall not apply to a suspension under this rule. The suspension shall continue until the member is reinstated by the Court.

"An application for reinstatement may be filed by such member pursuant to the rules of this Court and the rules of procedure of the Oregon State Bar.

"This rule shall not preclude the filing of disciplinary proceedings against any member suspended under this rule."

■ Our suspension of Weinstein's right to practice law was based solely on his conviction of a felony. Since the basis for the suspension has been eliminated, the suspension must be revoked and Weinstein's right to practice law restored.

■ We adopted Rule I to provide a method to promptly suspend a convicted lawyer's right to practice law pending the filing and processing of formal disciplinary proceedings. In Weinstein's case such formal proceedings were instituted, but have been delayed pending his trial and appeal. Our action today is without prejudice to any disciplinary proceedings that may be pending.

Weinstein's right to practice law is restored, and he is reinstated as a member of the bar.