In the Matter of Disciplinary Proceedings of Julius Lucius ECHELES.

Julius Lucius Echeles, Appellant.

No. 15725.

United States Court of Appeals Seventh Circuit.

Feb. 28, 1967.

As Corrected April 5, 1967.

Albert E. Jenner, Jr., Chicago, Ill., Thomas P. Sullivan, Kenneth S. Broun, Chicago, Ill., Raymond, Mayer, Jenner & Block, Chicago, Ill., of counsel, for appellant.

Edward V. Hanrahan, U. S. Atty., Robert J. Collins, Asst. U. S. Atty., Chicago, Ill., John P. Lulinski, Asst. U. S. Atty., of counsel, for appellee.

Before SCHNACKENBERG, SWYGERT and FAIRCHILD, Circuit Judges.

PER CURIAM.

This appeal concerns the status of Julius Lucius Echeles as an attorney at

the bar of the district court for the northern district of Illinois.

On May 6, 1964, Echeles was convicted of felony.[1] On June 23, 1964, the executive committee of the district court[2] entered an order suspending Echeles from practice. The order recited that Echeles had been convicted of a felony, and that the order was in accordance with Rule 8 of the general rules of the district court. The order was entered without notice or hearing, but there is no challenge to its propriety on that account, nor to the validity of the rule.

Mr. Echeles appealed from the judgment of conviction, and on September 2, 1965, this court reversed and remanded for further proceedings.[3] This court concluded that evidence tending to establish guilt was sufficient to warrant submission to a jury, but that it had been error to deny Echeles a trial separate from that of another defendant.

On May 4, 1966, Mr. Echeles moved that the order of suspension be vacated. Certain additional facts were brought to the attention of the executive committee by an answer filed by the United States attorney, but there was no hearing. On May 17, the executive committee denied Echeles' motion, without prejudice to a new motion upon the conclusion of the pending criminal case.

Mr. Echeles has appealed from the May 17 order.

Appellant takes the position that the entire foundation for the 1964 suspension order was the 1964 conviction; that reversal of the conviction extinguished all support for the order and the order must be vacated. The United States attorney counters with the fact that Mr. Echeles was convicted of conspiracy and attempted bribery in 1954, and argues that under these circumstances the reversal of the 1964 conviction does not necessitate vacation of the 1964 suspension.

Rule 8 was revised May 1, 1965. In both forms, however, it has provided for ex parte suspension or disbarment of an attorney convicted of felony, and for suspension or disbarment for other causes, determined after notice and hearing. It presently contains no provision for the event of reversal of a judgment of conviction underlying an ex parte order of suspension or disbarment. It formerly provided that in such event, the court "may reinstate."

We agree with appellant that under the circumstances the 1954 conviction no longer affords a foundation for a summary suspension under Rule 8 even though it fulfils the rule if taken literally. It appears that in 1955 appellant, presumably on account of the 1954 conviction, obtained permission from the supreme court of Illinois to withdraw from the active roll of attorneys. That court reinstated him in 1959. Although it does not appear that he ever formally withdrew from the bar of the district court, he did, in 1959, file a petition representing that he had not practiced before the court during that period, and he obtained an order thereon, entered by one judge, admitting him to practice. The offenses of which he was convicted in 1954 are surely relevant to his trustworthiness as an attorney, and may properly be considered, with other, more recent facts, in a disciplinary proceeding at any time, but it would be unfair, after this lapse of time and in the light of the intervening circumstances to treat the 1954 conviction as the sole foundation for any suspension or disbarment, let alone a summary or ex parte order under Rule 8.

We agree, also, that the reversal of the 1964 judgment destroys it as support for a suspension order.

We interpret the record as showing that the executive committee, without any fresh inquiry into Mr. Echeles' trust-

---

1. Subornation of perjury (two counts), obstruction of justice, and conspiracy to suborn perjury and obstruct justice.

2. The chief judge and two other judges elected by all the judges.

3. United States v. Echeles (7th Cir. 1965), 352 F.2d 892.

worthiness as an attorney, accorded significance to the 1954 and the reversed 1964 judgments, and deemed them a sufficient foundation for continuing the suspension. We reverse the order appealed from because we consider it improper to continue the suspension without a fresh exercise of discretion after hearing and consideration of all relevant circumstances.

We do not pass upon the question whether an order suspending Mr. Echeles until disposition of the pending criminal charges could or could not be properly entered, after hearing.

■■ We do point out, however, that the disciplinary powers of the courts do not exist for the punishment, as such, of wrongdoing. They exist so that the administration of justice may be protected by weeding out practitioners who are not trustworthy. The minimum standards of fairness which must be observed in a proceeding to revoke or suspend a license to practice law are not identical to, nor necessarily as strict as, those which must be observed if life, liberty, or property is to be taken as punishment for crime.

■ Appellant concedes that the executive committee could proceed independently of the criminal case to determine whether Echeles did the acts with which he was charged. Circumstances could conceivably exist under which the committee could properly suspend him pending the disposition of the criminal case if it determined, after hearing, that there was sufficient evidence so that conviction in the criminal case was probable.[4]

The order appealed from is reversed and the cause is remanded with direction to vacate the order of suspension entered June 23, 1964.

Judge Fairchild does not concur.

---

4. Laughlin v. Wheat (1937), 68 App.D.C. 190, 95 F.2d 101, cited by appellant, holds that an order of suspension, grounded upon an indictment, could not be entered without hearing. Application of Weinstein (1965), 240 Or. 555, 402 P.2d 751, holds that a suspension based solely on a conviction must be revoked where the conviction was reversed and the *indictment dismissed.* Neither decision reaches the question of the propriety of suspension *pendente lite* on a showing of the existence of substantial evidence to convict.