**In the Matter of Julius Lucius ECHELES, an attorney.**

**No. 67 E 4.**

United States District Court
N. D. Illinois, E. D.
Oct. 7, 1968.

Robert Collins, First Asst. U. S. Atty., for the Executive Committee.

Albert E. Jenner, Jr., Chicago, Ill., for respondent.

### MEMORANDUM, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

Before CAMPBELL, Chief Judge, PARSONS and WILL, District Judges, as the Executive Committee.

CAMPBELL, Chief Judge.

The respondent Julius Lucius Echeles was admitted to practice before the bar of this court on November 13, 1947. On October 15, 1952 the respondent was indicted and charged in this court with using influence to obtain positions for various persons in the United States Post Office. After a trial by jury the respondent was convicted on all thirteen counts of the indictment. The convic-

tions were affirmed by the Court of Appeals, (7 Cir., 222 F.2d 144). The Supreme Court of the United States denied respondent's petition for certiorari. (350 U.S. 828, 76 S.Ct. 58, 100 L.Ed. 739, rehearing denied 350 U.S. 905, 76 S.Ct. 176, 100 L.Ed. 795). On said conviction respondent entered a federal penitentiary in November 1955 where he remained until paroled in August 1956. Prior to entering prison respondent filed a motion in the Supreme Court of Illinois to strike his name from the roll of attorneys of the State of Illinois. No motion was filed in this court. His motion was allowed by the Illinois Supreme Court.

Under the rules in effect at that time and under our present rules, a member of the bar of this court may be disbarred on proof of a commission of a felony. (General Rule 8.) Under the rules now in effect, resignation from the bar of a state is likewise grounds for disbarment. (General Rule 8). However, after the 1954 convictions no disbarment proceedings were commenced against this respondent either in this court or in the courts of Illinois.

After his release from prison in 1956 respondent filed a petition in the Supreme Court of Illinois requesting reinstatement to the active roll of attorneys of the State of Illinois. His petition was granted by that court. On March 19, 1959 respondent presented a petition in camera and without notice to one of the judges of this court other than the judge before whom he was tried in which he represented that he had been so reinstated to the active roll of attorneys of the State of Illinois and requesting an order that the Clerk of this court spread such facts of record in order that there be no question of his right to practice before this court. Said order was so entered in chambers.

In 1963 respondent was again indicted and charged with the subornation of perjury of a witness in a trial before this court and with obstructing and impeding the due administration of justice by endeavoring to induce witnesses in a trial before this court to testify falsely.

On June 23, 1964, after a trial by jury, respondent was convicted on all four counts of that indictment. Upon said convictions and pursuant to the rules of this court, (General Rule 8) the Executive Committee thereafter entered an order suspending respondent from the practice of law before this court. (Order, June 23, 1964). Respondent's convictions on the charges of subornation of perjury and of obstructing justice were subsequently reversed and remanded for a separate trial by The Court of Appeals. (United States v. Echeles, 7 Cir., 352 F. 2d 892). On the basis of the Court of Appeals' decision respondent filed a motion before this court requesting that the Executive Committee's order of suspension be vacated. That motion the Executive Committee denied without prejudice to a new motion being filed upon the conclusion of the still pending criminal case. (Order May 17, 1966). That order was appealed and reversed by the Court of Appeals.

In its reversal of the suspension the Court of Appeals, 374 F.2d 780, reviewed the history of respondent's convictions and held that the 1954 conviction, "no longer affords a foundation for a summary suspension under (District Court) Rule 8 even though it fulfils the rule if taken literally."

" * * * it would be unfair, after this lapse of time and in the light of intervening circumstances to treat the 1954 conviction as the sole foundation for any suspension or disbarment, let alone a summary or ex parte order under Rule 8."

The 1954 convictions are, however;
" * * * surely relevant to his trustworthiness as an attorney, and may be properly considered, with other, more recent facts, in a disciplinary proceeding at any time * * *."

The court further held however, that because the recent 1964 convictions were reversed, those convictions also could not support a suspension order, even though that court, in reversing those convictions, concluded that there was

sufficient evidence to establish Echeles' guilt, finding error only in the trial court's refusal to grant respondent a trial separate from that of another defendant.

The Court of Appeals also noted in vacating our suspension order that our present Rule 8 which was revised May 1, 1965 and which provides for ex parte suspension or disbarment of an attorney convicted of a felony contains no provision for the event of reversal of a judgment or conviction underlying an ex parte order of suspension or disbarment. A prior rule did provide for reinstatement in such event. Our rule is now being amended to conform to the mandate of the Court of Appeals.

Upon the retrial of the charges of subornation of perjury and of impeding and obstructing justice the jury was unable to reach a verdict. Subsequently, pursuant to Rule 29(c), (Fed.R.Crim.Proc.) the trial judge entered a judgment of acquittal.

In May, 1968 the Executive Committee again took up the question of the respondent's qualifications, moral and otherwise, to continue to appear before the bar of this court. Obviously the pattern of conduct hereinabove recited falls far short of compliance with his admission oath to:

> " * * * support the Constitution of the United States of America; that I will faithfully discharge my duties as an Attorney and Counselor; and that I will demean myself uprightly and according to law and the recognized standards of ethics of the profession. So help me God."

A full hearing was held before the Executive Committee sitting en banc. The evidence against the respondent was very ably presented by Robert Collins, Esq. First Assistant United States Attorney, for whose services in support of our disciplinary efforts we are deeply grateful. The respondent was equally ably represented by Albert E. Jenner, Esq., who had been his attorney in the Court of Appeals and in the re-trial of the criminal case. Upon the conclusion of evidence the matter was argued in excellent briefs by both sides. We are persuaded by Mr. Jenner's argument that we have no alternative, under the interpretation of our existing rules by the Court of Appeals, to dismissing the pending proceeding against the respondent.

Accordingly, this proceeding is hereby dismissed.