TOWN OF HIGHLAND, INDIANA *v.* DENNIS POWELL.

[No. 3-374A41. Filed February 17, 1976.]

*Jerry L. Colglazier, Bainbridge and Colglazier,* of Highland, *John P. Price, J. Lynn Boese, Bingham, Summers, Welsh & Spilman,* of Indianapolis, for appellant.

*Max Cohen, Cohen & Thiros,* of Gary, for appellee.

STATON, P.J.—Dennis Powell was an employee of the Town of Highland Police Department from March 1969 until October 1970. A dispute arose regarding whether Powell voluntarily resigned or whether his employment was involuntarily terminated in contravention of the procedures established in IC 1971, 18-1-11-3 (Burns Code Ed). Later, the trial court concluded that Powell was illegally dismissed. The trial court ordered that Powell be reinstated as a member of the Town of Highland Police Department and be paid all wages and salary withheld from him from October 1970 until the date of his reinstatement. In its appeal from the order, the Town of Highland raises these issues for our review:

(1) Is there sufficient evidence to support the trial court's finding that Powell did not resign but was illegally dismissed?

(2) Did the court err when it ordered the Board of Police Commissioners to pay Powell all wages and salary withheld without a set-off for amounts earned from other employment?

(3) Was the testimony of two police officers improperly excluded?

We conclude that there was sufficient evidence to support the trial court's finding that Powell did not resign but was illegally dismissed. The back pay order of the trial court was proper under the statute. No error was committed by the trial court in excluding the testimony of two police officers. We affirm.

I.

*Sufficiency of the Evidence*

The Highland Police Commission met on October 13, 1970 in executive session. The minutes of the meeting contained the following summary:

"A discussion concerning probationary patrolman Dennis Powell. A motion was made by Commissioner Smolen and seconded by Tolley that probationary patrolman Dennis Powell be terminated as of a date in October to be determined by the Chief. The motion carried unanimously. A letter was to be composed by the Chief and read by the Commissioners and presented to Mr. Powell by the Chief, informing him of our action."

On October 15, 1970, Police Chief William Needles informed Powell that the Commission had decided to terminate him. Needles testified that he gave Powell an opportunity to voluntarily resign from the department; but, Powell testified that, when he told Needles that he would have to seek legal advice, Needles "said then that he had no other alternative but to let me go, and he asked me for my badge, and I gave him my badge and my identification. . . ." In response, Needles testified that Powell stated that he would rather resign than be terminated and promised to send a letter of resignation the next day.

The next day, Powell contacted an attorney who advised him to contact Needles. Powell called Needles (Powell's mother was listening on an extension phone and corroborated Powell's version of the conversation) and said that he was not resigning as Needles had asked him to do. Needles replied that Powell no longer worked for him. When Powell said that he was ready to go back to work, Needles informed him that he was "suspended as of now, and click went the phone."

Later, October 19, 1970, Powell wrote Needles a letter and stated, in part: "I have not resigned and request that if I am suspended as you say or fired, that I be informed as to why and for how long." Needles responded curtly, in a letter dated October 20, 1970: "In answer to your letter I recieved [sic], You are not a member of the Highland Police Dept."

Powell was never served with notice of a hearing, was never advised prior to the meeting of the Commission that

his employment would be a subject of discussion, and never received a copy of any charges against him. Powell never submitted a letter of resignation to the Highland Police Department. Powell's attorney, on November 17, 1970, demanded a hearing before the Police Commission and asked that the charges against Powell be set forth in writing.[1] On November 18, 1970, Powell instituted the present action.

The procedures for dismissal are provided by statute[2] and by the Rules and Regulations of the Police Department of Highland, Indiana.[3] In IC 1971, 18-1-11-3 (Burns Code Ed.), it is provided that:

"Every member of the fire and police forces, including police radio operators and police signal and fire alarm operators, appointed by the mayor, the commissioners of public safety or the board of metropolitan police commissioners, shall hold office until they are removed by said board. They may be removed for any cause other than politics, *after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing,* and after an opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board. . . . [U]pon a finding and decision of the board that any such member has been or is guilty of neglect of duty, or of the violation of rules, or neglect or disobedience of orders, or of incapacity, or absence without leave, or immoral conduct, or conduct injurious to the public peace or welfare or conduct unbecoming an officer, or other breach of discipline, such commissioners shall have power to punish the offending party by reprimand, forfeiture, suspension without

---

1. Unless a hearing is demanded, a policeman may be removed without a hearing after charges have been made. *Wilmont* v. *City of South Bend* (1943), 221 Ind. 538, 48 N.E.2d 649. A dismissed policeman may appeal from the decision of dismissal regardless of whether he demands a hearing. *City of Washington* v. *Boger* (1961), 132 Ind. App. 192, 176 N.E.2d 484.

2. IC 1971, 18-1-11-1 *et seq.* (Burns Code Ed.).

3. Pursuant to the authority of IC 1971, 18-1-11-1 (Burns Code Ed.), the Board of Police Commissioners of Highland, Indiana, promulgated rules and regulations governing members of the police department. All members of the Highland Police Department were expected to be familiar with and obey these rules and regulations.

pay, dismissal, or by reducing him or her to a lower grade and pay. . . ." (emphasis added).

The Highland Police Department Rules and Regulations provide that:

"An Officer may be punished by reprimand, forfeiture, suspension without pay, dismissal or reduction in rank and pay according to the statutes provided in Burn's Statutes Annot., Sec. 48-6105 [IC 18-1-11-3]." Rules and Regulations governing the Police Department of Highland, Indiana, p. 6 (approved October 22, 1963).

If a member of the police force voluntarily terminates his contract of employment, he waives his rights under the Tenure Act.[4] *See State ex rel. Palm* v. *City of Brazil* (1947), 225 Ind. 308, 73 N.E.2d 485, rehearing denied, 74 N.E.2d 917. The trial court found that Powell did not resign from the Highland Police Department, and we conclude that the court's finding is supported by the evidence. The evidence was conflicting. Powell testified that he did not resign. Chief Needles testified that Powell orally resigned and promised to send a letter of resignation to him the next day.[5] There is substantial evidence of probative value to sustain the finding that Powell did not resign.

Powell was entitled to all procedural safeguards established in section 18-1-11-3.[6] The trial court concluded that Powell

4. *But see Lipinski* v. *Town of Chesterton* (1972), 151 Ind. App. 109, 278 N.E.2d 302, *rehearing denied*, 280 N.E.2d 628, wherein the court held that the allegations of plaintiff's complaint were suffiicent to state a cause of action for improper "removal" within the meaning of section 18-1-11-3. Plaintiff alleged that he signed a resignation, in lieu of being summarily dismissed, following a meeting of the Board of Police Commissioners held without notice of charges or counsel.

5. The oral resignation was of questionable value, since the Rules and Regulations of the Highland Police Department provide: "Officers desiring to resign from the Department *shall* submit such request to the Board in writing." (emphasis added).

6. Our review of the record reveals that, apparently the Highland Police Commissioners incorrectly believed that the statutory procedures for dismissal were not applicable to a probationary police officer. Powell's probationary status was mentioned in the minutes of the October 13 meeting, in the Town's memorandum in support of a motion to dismiss Powell's complaint, in the Town's answer, and in the Town's motion for summary judgment and motion for dismissal under Trial

was discharged in violation of the section 18-1-11-3 procedures and that the Town's action was illegal, arbitrary, and capricious. There is ample evidence of probative value to sustain the trial court conclusion. In addition to a lack of notice and written charges previously discussed, no statutory ground for dismissal was ever alleged by the Board of Police Commissioners.[7] *See State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N.E. 596.

## II.

### *Damages*

The trial court concluded that Powell was "entitled to all salary or wages withheld from him, from and after October 1970 to and including the date of his reinstatement." The Town contends that the court's conclusion was erroneous in that there was no reduction for amounts earned by Powell from other employment during this period. If the action of the trial court is sustainable on any theory, it must be affirmed. *See Indiana & Mich. Elect. Co.* v. *Schnuck* (1973), 260 Ind. 632, 298 N.E.2d 436; *In re Estate of Barnett* (1974), 159 Ind. App. 491, 307 N.E.2d 490.

Section 18-1-11-3 not only provides the procedures for dismissal or suspension of policemen, but also provides a procedure for "appeal" of the Board's decision and a statutory remedy in the case that the decision is reversed or modified on appeal:

Rule 41(B) at the close of plaintiff's case. However, it has been held that probationary employees are entitled to the full protection of section 18-1-11-3. *Morris* v. *City of Evansville* (1972), 152 Ind. App. 50, 281 N.E.2d 910.

7. No cause is a legal cause for removal of a police officer unless it bears some relation to the officer's fitness for holding office or his incapacity to discharge his duties. *City of Fort Wayne* v. *Bishop* (1950), 228 Ind. 304, 92 N.E.2d 544. When Powell met with Chief Needles on October 15, 1970, Needles told Powel that, although he had the potential of being a fine police officer, "personality wise" he would not work out with the rest of the men in the department. No other reasons were assigned for Powell's dismissal, and no charges were put in writing.

"If such decision be reversed or modified, then such board shall pay to the party entitled thereto any salary or wages withheld from such party pending such appeal and to which he or she may be entitled under the judgment of said court." IC 1971, 18-1-11-3 (Burns Code Ed.).

The statute clearly entitles the improperly discharged policeman to all wages or salary withheld without mitigation or set-off for amounts earned from other employment. *City of Lebanon* v. *DeBard* (1941), 110 Ind. App. 79, 37 N.E.2d 718; *Bole* v. *Civil City of Ligonier* (1962), 242 Ind. 627, 181 N.E.2d 236.

The Town contends that if Powell was dismissed, he was not dismissed pursuant to the statutory procedures and is not entitled to the statutory remedy. The Town urges this Court to limit Powell's recovery to that allowable in breach of contract actions—that is, an amount equal to that which Powell would have received had he not been wrongfully dismissed less what he received in earnings from other occupations.[8]

Since the trial court could have reasonably considered that Powell's action was a statutory "appeal" from the decision of the Board of Police Commissioners to terminate his employment, the trial court's award is proper. The statute provides:

---

8. In support of this proposition, the Town cites *Coates* v. *City of Evansville* (1971), 149 Ind. App. 518, 273 N.E.2d 862; *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 25 N.E.2d 321; and *Mobley* v. *City of Evansville* (1960), 130 Ind. App. 575, 167 N.E.2d 473. In *Mobley* and *Maddox*, the courts followed the breach of contract damages theory. However, in *Bole* v. *Civil City of Ligonier* (1962), 242 Ind. 627, 181 N.E.2d 236, the Indiana Supreme Court expressly disapproved of the *Mobley* case, and by implication the *Maddox case*, insofar as the decision in *Mobley* was inconsistent with *City of Lebanon* v. *DeBard* (1941), 110 Ind. App. 79, 37 N.E.2d 718. In *DeBard*, the Court affirmed an award of all wages and salary without mitigation or set-off. The *Coates* case is clearly distinguished from the case at bar. In *Coates*, a fireman was suspended pending the disposition of his appeal of a criminal conviction. When his conviction was reversed on appeal, the Board reversed the "wait and see" suspension and reinstated Coates. The decision to reinstate Coates was not appealable under the statute, but the Court held that Coates could pursue his common law breach of contract remedy and was entitled to that part of his back pay in excess of his earnings in other occupations during the period of suspension.

"Any member of such fire or police force who is dismissed from such force, as aforesaid, or is suspended for any period in excess of ten [10] days shall have the right to appeal to the circuit court or superior court of the county in which such city is located, from such decision of dismissal or suspension by said board, but shall not have the right of appeal from any other decision. Such appeal shall be taken by such party filing in such court; within thirty [30] days after the date such decision is rendered, a bond as herein required and a verified complaint stating in concise manner the general nature of the charges against him or her, the decision of the board thereon, and a demand for the relief asserted by plaintiff. . . ." IC 1971, 18-1-11-3 (Burns Code Ed.).

Powell was summarily dismissed, without notice of charges or hearing, in disregard of the statute. Nonethelss, the Board rendered an appealable decision to terminate Powell's employment, and, arguably, the complaint was filed within thirty days of that decision.[9] The purpose of the Tenure Act is to protect policemen from this type of summary dismissal.

We conclude that the trial court, pursuant to the Tenure Act, properly awarded Powell all wages or salary withheld from him from October 1970 until the date of his reinstatement, without mitigation or set-off for amounts earned from other employment.

---

9. *Compare Coates* v. *City of Evansville* (1971), 149 Ind. App. 518, 273 N.E.2d 862, discussed at note 8 *supra*. We note that both Powell and the Town, as well as the trial court, apparently considered the present action to be an appeal pursuant to section 18-1-11-3. The Town filed a motion to dismiss Powell's complaint on the ground that it was not filed within thirty days after the Board's decision to terminate Powell's employment. The trial court overruled the Town's motion. Although the Town did not preserve for appeal any error in the trial court's overruling of its motion to dismiss, we note that the trial court, given the conflicting evidence and inferences therefrom, could have determined that the appeal was taken within the thirty-day period. On October 13, 1970, the Board of Police Commissioners voted to terminate Powell's employment "as of a date in October to be determined by the Chief." It is a reasonable inference from the evidence presented that the Board's decision was not effectuated until the Chief, on October 20, 1970, unequivocally informed Powell that he was not a member of the police department. Powell's appeal was perfected on November 18, 1970.

## III.

### Excluded Testimony

The Town contends that the trial court erred in excluding certain testimony of two police officers. The offers to prove made by the Town following the exclusionary rulings reveal that the officers would have testified that, immediately after the October 15 meeting with Powell, Chief Needles told the two officers that Powell had resigned. The testimony was objected to as inadmissible hearsay.[10]

It is well-settled that a party cannot manufacture evidence in its favor:

> "Self-serving statements or declarations by the party or his attorney not under oath cannot constitute any evidence of the facts they alleged." *Hardiman* v. *Hardiman* (1972), 152 Ind. App. 675, 680, 284 N.E.2d 820, 823, *quoting from Wabash Smelting, Inc.* v. *Murphy* (1962), 134 Ind. App. 198, 206, 186 N.E.2d 586, 590 (overruled on other grounds).

A self-serving statement made by Chief Needles, an agent of the Town of Highland, is not admissible to prove the truth of the facts stated.[11]

We affirm.

Hoffman, J. and Garrard, J., concur.

NOTE.—Reported at 341 N.E.2d 804.

---

10. We note, however, that an exclusionary ruling will not be found erroneous if it is sustainable on any theory, regardless of the theory asserted by the parties at trial. *See American United Life Ins. Co.* v. *Peffley* (1973), 158 Ind. App. 29, 301 N.E.2d 651, *rehearing denied,* 306 N.E.2d 131 (1974).

11. The Town contends that the statements were admissible as part of the *res gestae*. However, the testimony fails the test as set forth in *Tenta* v. *Guraly* (1966), 140 Ind. App. 160, 171, 221 N.E.2d 577, 583, since Chief Needles' statement was "a mere narrative of a past, completed affair." The Town also contends that the testimony should be admissible to refute the testimony of a police officer who testified that Powell told him, immediately after the October 15 meeting, that he had just been fired. We note that the Town failed to object to this testimony.