**CITY OF NORTH VERNON, Appellant
(Defendant Below),**

v.

**Stanley BRADING, Appellee
(Plaintiff Below).**

**No. 4–1283A425.**

Court of Appeals of Indiana,
Fourth District.

June 26, 1985.

Rehearing Denied Aug. 7, 1985.

Corinne R. Finnerty, North Vernon, for appellant.

David W. Paugh, Montgomery Elsner & Pardieck, Seymour, for appellee.

MILLER, Presiding Judge.

The City of North Vernon, by its Safety Board, dismissed Officer Stanley Brading, a member of the North Vernon Police Department, because of his conviction for check deception. Brading's conviction was later set aside, and he sought review of the Safety Board's decision in the trial court. The trial court ultimately found the Safety Board's decision was not supported by sufficient evidence and reversed it, thereby reinstating Brading. The City now appeals, but we find the trial court acted properly and affirm.

## ISSUES

The City's four issues are better condensed into two basic questions:

(1) Did the trial court err in deciding the Safety Board's decision was supported by insufficient evidence and was therefore arbitrary and capricious?

(2) Did the trial court err in ordering Brading's reinstatement with back pay without ever having addressed the issue of back pay and benefits?

## FACTS

Brading pleaded guilty in November, 1982, to a charge of check deception (a class A misdemeanor) in Jackson County Court and was assessed a fine and costs totalling $57.00. The charges stemmed from a $30.89 check written on Brading's account, which was without sufficient funds when presented although Brading thought his account had more funds in it when he wrote the check. (Brading's poor bookkeeping habits had led his checking account to be overdrawn numerous times.) When confronted with a warrant on the charge, Brading paid the amount of the check to the establishment involved and decided to plead guilty and pay the fine rather than pay the expense of fighting the charge in court, never imagining such would lead to his dismissal.

On December 6, 1982, the Safety Board convened for a special meeting at which Brading's employment was terminated:

"The meeting then proceeded to the hearing of the matter of the dismissal of Officer Stanley Brading from the North Vernon Police Department. All witness-

es were sworn by the Clerk-Treasurer Lulu Belle Webb.

All evidence proffered was heard relating to the following grounds put forth for the dismissal of Officer Brading:

1. Conviction of check deception in the Jackson County Court on November 1, 1982.

2. Conduct unbecoming an officer arising out of the above described conviction.

Upon consideration of all the evidence relating to the above referred grounds for dismissal, the Safety Board members present unanimously made the following specific findings of fact:

1. That Officer Stanley Brading was convicted of check deception, a class A misdemeanor, in the Jackson County Court on November 1, 1982.

2. That said conviction is a ground for dismissal from the North Vernon Police Department.

3. That Officer Stanley Brading's conduct in issuing the insufficient funds check which formed the basis of the above described conviction constitutes conduct unbecoming an Officer of the North Vernon Police Department and therefore constitutes grounds for dismissal from the Department.

4. That Stanley Brading should, therefore, be dismissed from service as an officer of the North Vernon Police Department.

It is therefore ordered that Stanley Brading be, and hereby is, dismissed from service as an officer of the North Vernon Police Department this 6th day of December, 1982."

Record, pp. 35–36.

Brading filed a verified complaint, on December 28, for review of the decision, and after a change of venue, the cause came before Bartholomew Circuit Court. On February 11, 1983, Brading was allowed to withdraw his plea of guilty to the check deception charge in Jackson County court, and the trial court granted the prosecutor's motion to dismiss the charges altogether. (There was evidence adduced at the Safety Board hearing that Brading had never received notice that his check had been deficient.) In April, the parties and the court conferred over the exhibits and certain facts such that the court was empowered to render a decision on cross-motions for summary judgment without further hearing. The court issued a three-page order in August, which contained the following pertinent portion concerned with the legality of the Safety Board's decision:

"On February 11, 1983, the Jackson County Court granted the plaintiff's motion to withdraw his guilty plea, and, pursuant to a motion to dismiss filed by the prosecutor, the Court ordered the charge of check deception dismissed.

The plaintiff contends that the evidence of other overdrafts written by him was inappropriately admitted at the hearing, and the defendant's dismissal was not supported by sufficient evidence and therefore was arbitrary and capricious. The defendant has countered by stating that other evidence than that directly relating to the charges listed in the statutorily prescribed notice can be admitted at the hearing and that the dismissal is based upon legal cause and sufficient evidence.

For purposes of this judgment, this Court will assume without deciding that the evidence of other overdrafts written by the plaintiff was properly admitted at the hearing.

As to the issue of sufficiency of the evidence to support the dismissal, the plaintiff specifically states that since the check deception conviction was set aside by the Jackson County Court and thereafter dismissed, the only evidence to support the dismissal was the overdrafts themselves. The Court agrees with the plaintiff in this respect. Indiana Code Section 36–8–3–4(h) states, "The parties ... may produce evidence relevant to the issues ... at the hearing of review." Based upon this type of evidence and the record and decision of the Safety Board, the Court must render its decision I.C. § 36–8–3–4, *supra*. This indicates a leg-

islative intent that the Court must not only consider what a safety board considers, but those things relevant which a safety board could not or did not consider.

Here, the Court does have the benefit of the knowledge of the setting aside of plaintiff's check deception conviction whereas the defendant's Safety Board did not. Given the absence of the conviction, the evidence, at worst, can be characterized that the plaintiff was a poor record keeper and that in all instances where overdrafts were issued, the plaintiff later met his promises to pay on these drafts. There was no evidence adduced that he ever took items from another without eventually paying for them. This evidence cannot be the predicate of a finding that the plaintiff engaged in conduct unbecoming an officer.

The defendant argues that for the Court to consider the setting aside of the conviction, it would make it untenable in all instances to base a dismissal upon a criminal conviction until the appeal and post-conviction relief process has been exhausted. The Court acknowledges the problems suggested by the defendant; however, the statute permits the Court in this case to consider the subsequent action of the County Court—that is to say, to consider relevant evidence before it—not to ignore it.

*The Court concludes that the decision of the defendant is not supported by sufficiency [sic] evidence and that in all events the cause for dismissal, if any, bears no relationship to the plaintiff's fitness for holding office or his incapacity, if any, to discharge his duties. Given this posture, the defendant's actions were arbitrary and capricious.* The decision of the defendant should be reversed and set aside, and the defendant should be ordered to follow the prescription of Indiana Code Section 36–8–3–4(i).

IT IS THEREFORE ORDERED that the decision of the Safety Board of the City of North Vernon, Indiana, is hereby reversed and that the defendant is or-

dered to follow the prescription of Indiana Code Section 36–8–3–4(i). Costs of this action are hereby assessed against the defendant."

Record, pp. 176–77. The City now brings its case to us.

## DECISION

■ When we review a trial court's review of a local police administrative board's decision, we seek to determine whether the trial court has properly viewed such decision. "The trial court may not substitute its judgment for that of the administrative body.... The trial court may not change or modify the disciplinary action taken by the Board without a showing that such action was arbitrary and capricious." *Pope v. Marion County Sheriff's Merit Board* (1973), 157 Ind.App. 636, 645–46, 301 N.E.2d 386, 391. Within such scrutiny, the trial court may consider, among other things, whether a board's decision is based upon substantial evidence. *City of Gary v. Gause* (1974), 162 Ind.App. 97, 317 N.E.2d 887. In the instant case, the trial court correctly determined that the Safety Board's decision is not supported by the evidence.

It is important to note that the *sole* basis for Brading's dismissal was based upon one incident of an insufficient funds check. Other evidence notwithstanding the Safety Board based its decision on that one factor alone:

"2. That *said conviction* is a ground for dismissal from the North Vernon Police Department.

3. That Officer Stanley Brading's *conduct in issuing the insufficient funds check which formed the basis of the above described conviction* constitutes conduct unbecoming an Officer of the North Vernon Police Department and therefore constitutes grounds for dismissal from the Department."

Record, pp. 35–36. (Emphasis added.) The City has strenuously argued in its summary of argument section that Brading's inability to properly maintain a record of his

checks, with consequent overdrawn periods in his account, and other acts including not informing his superiors of the charge and conviction constitute conduct unbecoming an officer of the North Vernon Police Department. Evidence was presented to this effect. We cannot comment on this argument, however, because the Safety Board's specific findings at no time indicated that such course of behavior was the basis for Brading's dismissal. Only his conviction and the issuance of the single insufficient funds check were—and the conviction was set aside so it can no longer be a basis for the discharge.

■ In reviewing the trial court's authority to consider the dismissal of the criminal charge (which occurred after the Safety Board's decision), we must consider the language of IND.CODE 36–8–3–4(h) which governs a party's appeal to the trial court from a local police board:

> "(h) A decision of the safety board is considered prima facie correct, and the burden of proof is on the party appealing. All appeals shall be tried by the court. *The appeal shall be heard de novo only upon any new issues related to the charges upon which the decision of the safety board was made.* The charges are considered to be denied by the accused person. Within ten (10) days after the service of summons the safety board shall file in court a complete transcript of all papers, entries, and other parts of the record relating to the particular case. Inspection of these documents by the person affected, or by his agent, must be permitted by the safety board before the appeal is filed, if requested. *Each party may produce evidence relevant to the issues that it desires,* and the court shall review the record and decision of the safety board upon appeal."

(Emphasis added.) Of particular moment is the reference here to the hearing *de novo* by the trial court on new issues. "This has been held to mean, not that the issues at the hearing before the board are heard and determined anew, but rather that new issues are formed and determined." *City of Mishawaka v. Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65, 68 (Burns § 48–6105, now I.C. 36–8–3–4); *City of Indianapolis v. Ingram* (1978), 176 Ind. App. 645, 377 N.E.2d 877 (IND.CODE 18–1–11–3, now I.C. 36–8–3–4); *City of Gary v. Gause, supra,* 162 Ind.App. 97, 317 N.E.2d 887. In the instant case, the new issue formed was the effect upon the Safety Board's decision of the dismissal of the charge against Brading. *See, e.g., City of Anderson v. State ex rel. Page* (1979), Ind. App., 397 N.E.2d 615 (presentation of due process issues not considered in board's decision). Upon having considered the negation of Brading's conviction as a grounds for dismissal, the trial court correctly found that the Safety Board no longer had sufficient evidence to sustain a decision. *See In re Echeles* (7th Cir.1967), 374 F.2d 780 (attorney discipline—"the reversal of the 1964 judgment destroys it as support for a suspension order." *Id.* at 781); *see also Coates v. City of Evansville* (1971), 149 Ind.App. 518, 273 N.E.2d 862 (safety board voluntarily reinstated fireman after reversal of conviction).

The remaining ground for Brading's dismissal is the issuance of the insufficient funds check which had led to the conviction in the first place. We must again note that the Safety Board's sole finding was as follows:

> "3. That Officer Stanley Brading's conduct in issuing the insufficient funds check which formed the basis of the above described conviction constitutes conduct unbecoming an Officer of the North Vernon Police Department and therefore constitutes grounds for dismissal from the Department."

That finding merely says that the single issuance of an insufficient funds check was conduct unbecoming an officer. It did not contain findings of the commission of any crime connected therewith nor the elements of such crime, particularly as set forth in IND.CODE 35–43–5–5 (1982) (check deception), such as knowing or intentional issuance of a check knowing it would not be paid or honored upon presentment. Thus,

the trial court was faced with the question of whether the mere issuance of an insufficient funds check, standing alone, supports an ultimate finding that the issuer (Brading) thereof engaged in conduct unbecoming an officer.

The trial court addressed this issue by suggesting that the challenged evidence of Brading's past history of banking practices (even though the Safety Board made no such finding) could be characterized at its worst as poor recordkeeping and that Brading had nonetheless paid all such insufficient funds checks and had never taken property of others without eventually paying. The court thus concluded

> "that the decision of the defendant is not supported by sufficiency [sic] evidence and that in all events the cause for dismissal, if any, bears no relationship to the plaintiff's fitness for holding office or his incapacity, if any, to discharge his duties. Given this posture, the defendant's actions were arbitrary and capricious."

Record, p. 177. We also believe the Safety Board's single finding of a single issuance of an insufficient funds check did not support a conclusion that Brading engaged in conduct unbecoming an officer.

I.C. 36-8-3-4(b)(2)(H) (1982) clearly condemns, and allows dismissal for, conduct unbecoming an officer. Such cause for dismissal must bear "a legal relation to the policeman's fitness for holding the position, or his incapacity to discharge its duties." *City of Fort Wayne v. Bishop* (1950), 228 Ind. 304, 314, 92 N.E.2d 544, 548; *Town of Highland v. Powell* (1976), 168 Ind.App. 123, 341 N.E.2d 804. A more elaborate explanation from general authority more fully describes cause for dismissal in the context here:

> "The cause which will justify the removal of a municipal officer must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The case must be one touching the qualifications of the officer or his performance of his duties, showing that he is not a fit or proper person to hold the office. An attempt to remove an officer for any cause not affecting his competency or fitness would be an excess of power, and equivalent to an arbitrary removal.... the misconduct which will warrant the removal of a municipal officer must be such as affects his performance of his duties as an officer and not such as merely affects his character as a private individual. The misconduct charged must be something which the officer did, or did not do, in his official capacity. Hence, the attempted dismissal of a municipal officer or employee for bringing or defending an action affecting his personal rights and liabilities has been held to be invalid."

56 Am.Jur.2d *Municipal Corporations, Counties, and Other Political Subdivisions* § 316 (1971) (footnotes omitted).

■ Here, Brading's single issuance of a check for insufficient funds bore no relationship to his qualifications as an officer or upon the discharge of his duties. We do not have here the case of an officer who addressed a superior officer in an obscene, abusive, and threatening manner (*Connell v. City of Logansport* (1979), Ind.App., 397 N.E.2d 1058), or an officer who lied to a superior officer during an internal police investigation for theft (*Atkinson v. City of Marion* (1980), Ind.App., 411 N.E.2d 622). Both these instances described above clearly fall within the legal proscription against conduct unbecoming an officer; such is not the case here. Rather, we have an officer who maintains his financial affairs in a less than admirable manner, but they are his *private* financial affairs not bearing upon his duties. To determine otherwise, we fear, would subject I.C. 36-8-3-4 to justified allegations of vagueness because most individuals (and specifically, Brading) would have absolutely no idea this type of circumstance would lead to dismissal. *See Atkinson v. City of Marion, supra; Connell v. City of Logansport, supra.* Thus, we conclude the issuance of one insufficient funds check (a not uncommon com-

mercial occurrence due to mistake or book-keeping errors) without accompanying findings of criminal intent [1] is not such conduct which "renders the continuance of the officer in his office detrimental to the discipline or efficiency of the service"—and thus is not conduct unbecoming an officer. *Fantozzi v. Board of Fire & Police Commissioners of Village of Villa Park* (1963), 27 Ill.2d 357, 361, 189 N.E.2d 275, 277 (bankruptcy not cause for discharge of police officer).

In reaching our conclusion, we find two cases cited by the City, where the discharge of policemen were upheld, are distinguishable. In *Atkinson v. City of Marion, supra,* 411 N.E.2d 622, an officer was dismissed for conduct unbecoming an officer upon specific charges, findings and evidence that he lied to a superior officer during an internal police investigation for theft and presented a false sales slip in connection with the same investigation. Such behavior clearly affected Atkinson's ability to conduct himself as an officer and would have left no doubt that Atkinson could ultimately be dismissed therefor. This scenario obviously contrasts starkly with Brading's innocuous issuance of an insufficient funds check. The other case, *Mediate v. City of Indianapolis* (1980), Ind.App., 407 N.E.2d 1194, concerns a police officer charged with violation of a departmental rule proscribing criminal conduct. He was discharged upon the specific charge, evidence, and finding that he had violated a criminal statute.[2] Such is not comparable to the issue here where Brad-

ing was dismissed for "conduct unbecoming an officer" and *not* upon charges, findings and evidence of a criminal act. *Mediate* may thus not be used as precedent in support of the Safety Board's decision to dismiss Brading. To do so would automatically equate any conduct such as Brading's with criminality, a result which we believe would be extremely dangerous precedent for later disciplined officers and, for that matter, for any employee in the public or private sector. We thus conclude the City cannot validly justify the Safety Board's action and that the trial court properly ruled in Brading's favor.

The remaining issue concerns the court's award of back pay, but neither of the parties seems to realize that the trial court made no specific order thereto.[3] It merely reinstated Brading, and we conclude back pay *shall* be issued in accordance with IND.CODE 36-8-3-4(j):

"(j) The final judgment of the court may be appealed by either party. *Upon the final disposition* of the appeal by the courts, the clerk shall certify and file a copy of the final judgment of the court to the *safety board,* which *shall conform its decisions and records to the order and judgment of the court. If the decision is reversed or modified, then the safety board shall pay to the party entitled to it any salary or wages withheld from the party pending the appeal and to which he is entitled under the judgment of the court.*"

1. When Brading wrote the $30.89 check at issue herein, on July 19, 1982, his checking account showed a balance of $522.61.

2. Our opinion affirmed his discharge despite the fact he had not been convicted of the crime.

3. Both parties refer to the trial court's citation to IND.CODE 36-8-3-4(i) as a mistaken notation for IND.CODE 36-8-3-4(j), with regard to back pay. We believe the *parties* are mistaken. I.C. 36-8-3-4(i), governing a trial court's decision concerning a board's order, was appropriately cited. This statute states as follows:

"(i) The court shall make specific findings and state the conclusions of law upon which its decision is made. If the court finds that

the decision of the safety board appealed from should in all things be affirmed, its judgment should state that, and judgment for costs shall be rendered against the party appealing. If the court finds that the decision of the safety board appealed from should not be affirmed in all things, then the court shall make a general finding, setting out sufficient facts to show the nature of the proceeding and the court's decision on it. The court shall either:

(1) reverse the decision of the safety board; or

(2) order the decision of the safety board to be modified."

(Emphasis added.) We do not see that the trial court had any discretion in this particular instance. It found Brading must be reinstated, and the statute cited above does not appear to give the trial court much leeway in such award. The statute governs here, and the court's judgment of reinstatement requires full back pay. Any further attack on this pay would go to the merits of the judgment on review, and the City has made no other pertinent challenge thereto.

Affirmed.

CONOVER and YOUNG, JJ., concur.