EDWARD NUCKOLS ET UX *v.* ALVA D. LONE ET AL.

[No. 871A149. Filed October 11, 1972.]

Bennett & Boehning, William K. Bennett, of Lafayette, for appellants.

George L. Hanna, of Lafayette, Cy Gerde, of Lafayette, for appellees.

WHITE, J.—Plaintiff- appellants, husband and wife, brought separate actions seeking damages for injuries the wife sustained when she fell in a parking area east of the church owned and maintained by defendants. Combined trial to the court resulted in judgments for defendants.

Plaintiff-appellants claim two errors. The first, that the decision of the trial court is not sustained by sufficient evidence, presents no question this being an appeal from a judgment against the party having the burden of proof. Willsey v. Hartman (1971), 149 Ind. App. 5, 276 N. E. 2d 577, 578, 28 Ind. Dec. 462, 463; Coates v. City of Evansville (1971), 149 Ind. App. 518, 273 N. E. 2d 862, 866, 27 Ind. Dec. 196, 202; Nationwide Mutual Insurance Co. v. Day (1967), 140 Ind. App. 564, 224 N. E. 2d 520.

The second contention, that the decision is contrary to law "under the uncontradicted and unimpeached evidence," can prevail only if "the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion." Pokraka v. Lum-

*mus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669, 673; *Willsey* v. *Hartman, supra.* Our examination of the evidence fails to convince us that it leads inevitably to the conclusion that Mrs. Nuckols was injured as the proximate result of defendants' negligence and without negligence on her part thereto contributing.

Mrs. Nuckols was twenty-nine years of age at the time of her fall. Since the age of six she had had what is described as a "polio limp in her left leg and weakness and difficulty [in] walking." The accident occurred on Sunday evening, February 25, 1968, after dark, as she was leaving a church service, leaning on the arm of a teen-age boy, intending to walk to her mother's nearby home to wait for her husband who was taking some children home in his automobile. The rationale of her case is that the defendants had put some large stones on the parking area and that she fell as the result of stepping on one of them in the dark. However, the supporting evidence (chiefly the testimony of Mr. and Mrs. Nuckols) is weak in two respects.

First, there was no evidence that any of those large stones had been put on the area where Mrs. Nuckols fell. She testified that she chose the path she did because "I knew that there had been big stones placed back here where the mudhole had been and I deliberately stayed away from that, because I knew that the big stones were back there and that they were unsafe for me to walk on."

Secondly, while she did testify that the cause of her fall was that she stepped on a stone she never did describe the stone in any manner nor did she or anyone else testify to having ever seen it. Her husband collected several large stones from the church property after the accident and they were introduced into evidence. None of them, however, were collected from the area where his wife fell. Furthermore, there was some discrepancy between her in-court description

of the cause of her fall and her doctor's testimony of the account she had given him. She also acknowledged her signature to a statement written by an investigator in which the description of the fall corresponded to the physician's testimony.

By limiting our comments to this one aspect of the case we do not intend to imply that as to all other aspects, the plaintiffs proved themselves entitled to a decision in their favor. On the contrary, and notwithstanding the fact that defendants offered no testimony tending to contradict or impeach plaintiffs' evidence, there are many instances in which the trier of fact had his choice between equally reasonable inferences, one favorable, the other unfavorable, to plaintiffs' case. Such evidence is not free of conflict and can lead to the conclusion that plaintiffs have failed to sustain their burden of proof.

The judgments are affirmed.

Buchanan, P.J. and Sullivan, J., concur.

NOTE.—Reported in 287 N. E. 2d 799.