**CITY OF TERRE HAUTE, Indiana, Appellant (Defendant Below),**

v.

**John BRIGHTON, Robert W. Piper, C. Michael Woods and Dennis E. Everhart, Appellees (Plaintiffs Below).**

No. 4–1182A356.

Court of Appeals of Indiana, Fourth District.

June 28, 1983.
Rehearing Denied July 28, 1983.

Robert F. Hellmann, Asst. City Atty., Terre Haute, for appellant.

Gerald H. McGlone, Terre Haute, for appellees.

CONOVER, Judge.

Plaintiffs-appellees, a Terre Haute Fire Department assistant chief, a captain and three lieutenants (fire fighters), brought this action against defendant-appellant City of Terre Haute (City) alleging they were demoted without notice and hearing. The trial court ordered them reinstated with back pay. The City appeals.

We affirm.

ISSUE

This case presents a single issue:

Whether notice to the City was required in this case under the Indiana Tort Claims Act.

FACTS

Plaintiff Ronald Nicoson was the City's Fire Department assistant chief, plaintiff John Brighton was a captain, and plaintiffs Robert W. Piper, C. Michael Woods and Dennis E. Everhart were lieutenants in that department prior to January 1, 1980. On or about that date, the city fire chief demoted Nicoson to captain and the other plaintiffs to privates, with accompanying reductions in salary, without giving them prior notice or an opportunity to be heard.

On January 30th the City's Board of Public Works and Safety (Board) approved these demotions retroactive to January 1, again without prior notice to the fire fighters. After that meeting, however, the Board's president sent letters informing them of the Board's decision, and offering them a hearing if they requested it. They did not seek a hearing from the Board; they filed this action.

DISCUSSION AND DECISION

The fire fighters claim the City breached their employment contracts, violated certain state statutes and violated their constitutional rights to due process of law. Because the fire fighters raise constitutional issues, the City argues this action is governed by the Indiana Tort Claims Act.

Section 34–4–16.5–1 provides the Act applies only to a claim or suit sounding in tort. Section 34–4–16.5–7 provides tort claims against political subdivisions are barred unless notice is filed with the governing body within 180 days after the loss occurs. The fire fighters did not give notice of this action, and argue the Act does not apply.

We agree.

■ The fire fighters' relationship with the City is contractual. See, *State ex rel. Palm v. City of Brazil,* (1947) 225 Ind. 308, 315, 73 N.E.2d 485, 488; 20 I.L.E.MUN. CORP. Section 141. *Cf., Coates v. City of Evansville,* (1971) 149 Ind.App. 518, 527–28, 273 N.E.2d 862, 868–69. The policemen's and firemen's "tenure act", codified at the time this case arose at IC 18–1–11–3,[1] is a part of their contract, and establishes particular requirements for dismissal or demotion. *Cf., Palm, supra,* 225 Ind. at 315, 73 N.E.2d at 488.

Section 18–1–11–3 provided in relevant part:

[E]very member of the fire ... forces ... shall hold office *or grade* until they are removed by [the Board of Public Works and Safety]. They may be removed for any cause other than politics, *after* written notice ... notifying him or her of the time and place of hearing, and after an opportunity for a hearing is given .... On ... a decision of the [B]oard that any such member has been or is guilty of neglect of duty ... such commissioners shall have power to punish the offending party by ... *reducing him or her to a lower grade and pay.* (Emphasis supplied.)

The statute then provided for appeals to the circuit or superior court. If on appeal the court reversed or modified the Board's decision, the statute required the municipality to pay the salary or wages it withheld pending appeal to which the appealing fire fighter or police officer was declared entitled under the court's judgment. The statutory remedy has been distinguished from common law actions. See, *Town of Highland v. Powell,* (1976) 168 Ind.App. 123, 128–29, 341 N.E.2d 804, 808–09; *cf., City of Fort Wayne v. Bishop,* (1950) 228 Ind. 304, 310–12, 92 N.E.2d 544, 546–47. Notwithstanding the statutory remedy, a common law action in contract might still be available. See, e.g., *Coates, supra,* 149 Ind.App. at 527–28, 273 N.E.2d at 868–69.

1. This statute is now codified at IC 36–8–3–4.

2. We do not suggest constitutionally protected "property" interests arise only from contractu-

■ The statute also constitutionally protects the fire fighter's rank by requiring procedural due process. Notice and hearing prior to dispositive action by the municipality is a procedural requirement. The right to a hearing attaches when a governmental body threatens a protected "liberty" or "property" interest. See, *Board of Regents v. Roth,* (1972) 408 U.S. 564, 577, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548; see also *State ex rel. Warzyniak v. Grenchik,* (1978) 177 Ind.App. 393, 397–98, 379 N.E.2d 997, 1000–1001. A "property" interest is created and defined by existing rules or understandings stemming from a source independent of the constitution, such as state law, which provides rules that secure benefits and support claims of entitlement to those benefits. See, *Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709.

■ A "property" interest in employment can be created by statute, ordinance or implied contract, but the scope of this interest is defined by reference to state law. See, *Bishop v. Wood,* (1976) 426 U.S. 341, 344–45, 96 S.Ct. 2074, 2077–78, 48 L.Ed.2d 684; see also *Morris v. City of Kokomo,* (1978) 178 Ind.App. 56, 60–61, 381 N.E.2d 510, 514. This court has stated IC 18–1–11–3 creates a "property" interest in rank which is protected by the Fourteenth Amendment. *State ex rel. Miecznikowski v. City of Hammond,* (1983) Ind.App., 448 N.E.2d 1239 at 1243. Accordingly, demotion of the fire fighters in this case without prior notice and hearing violated their constitutional right to procedural due process.

Procedural due process rights also attach to "liberty" interests. The Supreme Court has not defined the concept of "liberty" interests as part of the concept of "property" interests. It has said "liberty" interests involve general, individual rights, in contrast to "property" rights which arise from contractual relationships or specifically-conferred state benefits. *Cf., Roth, supra,* 408 U.S. at 572–78, 92 S.Ct. at 2706–09.[2]

In arguing the notice provisions of our Tort Claims Act are applicable to this ac-

ally based relationships, *cf. Parratt v. Taylor,* (1981), 451 U.S. 527, 101 S.Ct. 1908, 1913–14, 68 L.Ed.2d 420 and 101 S.Ct. at 1918 (Black-

tion, the City cites two federal cases applying its statute of limitations, IC 34–1–2–1, *et seq.,* to civil rights actions.[3] However, those cases are distinguishable.

In *Hill v. Trustees of Indiana University,* (7th Cir.1976) 537 F.2d 248, a student argued his procedural due process rights were violated when he was given failing grades because of plagiarism without an opportunity to respond. His action arose from defamation, a ·concept rooted in tort law and involving a "liberty", not "property", interest in his reputation. See *id.,* 537 F.2d at 253–54 (Kunzig, J., concurring in the result, with Stevens, Cir. Justice, concurring specially); *cf., Owen v. City of Independence,* (1980) 445 U.S. 622, 633–34, and nn. 13–14, 100 S.Ct. 1398, 1406–07, and nn. 13–14, 63 L.Ed.2d 673, citing *Roth, supra,* 408 U.S. at 573, 92 S.Ct. at 2707, and *Wisconsin v. Constantineau,* (1971) 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515.

*Movement for Opportunity v. General Motors,* (7th Cir.1980) 622 F.2d 1235 (Kunzig, J.) involved employment discrimination claims under federal civil rights statutes. The company's duty not to discriminate was a general duty stemming from the statutes and constitution, not from particular contractual relationships with individual employees. *Id.,* 622 F.2d at 1244. Although it applied the state tort statute of limitations, the court noted its general preference to "avoid the often strained process of characterizing civil rights claims as common law torts." *Id.,* 622 F.2d at 1242, *quoting Beard v. Robinson,* (7th Cir.1977) 563 F.2d 331, 337.

Although the fire fighters' relationships with the City involve constitutional rights, this action sounds in contract, not tort.

Judgment affirmed.

YOUNG, P.J., and MILLER, concur.

mun, J. concurring) (negligent acts of state employees in losing prisoner's items constitute deprivation of "property", but state *tort* remedies satisfy procedural due process requirements in such cases). In this case, however, the City's duty to provide pre-demotion hearings simply does not stem from tort law doctrines.

**3.** The Supreme Court has established the most appropriate statute of limitations provided by state law is to be applied where no federal statute of limitations is applicable to an action based in federal law. See, *Johnson v. Railway Express Agency,* (1975) 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295. The Seventh Circuit applied this rule in these cases.