Joe ROARK, Appellant (Plaintiff Below),

v.

CITY OF NEW ALBANY, Appellee (Defendant Below).

No. 4–483A107.

Court of Appeals of Indiana, Fourth District.

July 26, 1984.

Tom G. Jones, Jones, Loveall & Coachys, Franklin, Bruce R. Runnels, Cline, King, Beck, Harrison & Runnels, Columbus, for appellant.

Lewis A. Endres, Young, Lind & Endres, New Albany, for appellee.

YOUNG, Judge.

Joe Roark brought suit against the City of New Albany (the City) challenging the City's decision to suspend him without pay. On the City's motion, the trial court dismissed Roark's complaint with prejudice. On appeal, Roark raises three issues: (1) whether the City's motion should have been treated as one for summary judgment and, as such, denied because material facts are disputed; (2) whether the trial court's decision to dismiss was contrary to law; and (3) whether the trial court erred in ruling on the City's motion to dismiss while interrogatories filed by Roark remained unanswered.

We affirm.

The relevant facts are as follows. In 1976, Roark was employed as a police officer by the City of New Albany. On May 19, 1976, Roark received notice that the City's Board of Public Works (the Board) had suspended him from the police force without pay effective May 18, 1976. This suspension apparently resulted from criminal charges against Roark. On November 2, 1978, Roark initiated this action against the City by a complaint alleging he had been wrongfully discharged. Roark later amended his complaint on March 18, 1982, to include a claim under 42 U.S.C. § 1983 that the City had violated his civil rights.

The City moved for dismissal on the grounds that Roark had not timely appealed from the Board's decision. After a hearing, the trial court granted the City's motion, and this appeal ensued.

Roark first argues that, because the City's motion was based on materials beyond the pleadings, it should have been treated as a motion for summary judgment. As such, Roark contends, the motion should have been denied because genuine issues of material fact remained. This contention depends upon Ind. Rules of Procedure, Trial Rule 12(B), which, in part, provides:

If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Roark argues this rule applied here because the City's motion to dismiss came under T.R. 12(B)(6) encompassing "failure to state a claim upon which relief can be granted." The City in turn claims that, insofar as its motion challenged Roark's failure to follow the statutory procedure for obtaining judicial review, it came under T.R. 12(B)(1) encompassing lack of subject-matter jurisdiction.

It is clear that the City's motion, challenging Roark's failure to follow the statutory procedure for obtaining judicial review, addressed the trial court's jurisdiction over the specific case rather than its subject matter jurisdiction. *See City of Marion v. Antrobus*, (1983) Ind.App., 448 N.E.2d 325. Nevertheless, it has been held that a motion asserting lack of subject matter jurisdiction under T.R. 12(B)(1) may be used to challenge a court's jurisdiction over a particular case. *Lee v. DeShaney*, (1983) Ind.App., 457 N.E.2d 604. This decision would support a conclusion that the City's motion was not governed by T.R. 12(B)(6) and thus that it need not be treated as a motion for summary judgment. We need not decide, however, whether the City's motion was governed by T.R. 12(B)(1) or 12(B)(6) because we find that the City was entitled to judgment as a matter of law even under the standards for summary judgment.[1]

This leads us to Roark's second contention, that the trial court's ruling was contrary to law. We may affirm a grant of summary judgment only if there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Carrell v. Ellingwood*, (1981) Ind.App., 423 N.E.2d 630. In this case, it is undisputed that Roark was initially suspended from the City's police force in the spring of 1976. It is also undisputed that Roark filed his complaint challenging this suspension in November 1978, over two years later. Based on these facts alone, we find that Roark's complaint was barred as a matter of law, as he failed to follow the statutory procedure for obtaining judicial review of his suspension.

The procedural statute applicable here is IND.CODE 18–1–11–3 (1976)[2] which reads in part as follows:

Any member of such fire or police force who is dismissed from such force ... or is suspended therefrom for any period in excess of ten (10) days shall have the right to appeal to the circuit court or superior court of the county in which such city is located, from such

---

1. In so finding, we note that the procedures for summary judgment were satisfied here. On receiving the City's motion, the trial court set the matter for hearing and accepted Roark's affidavit in opposition to the motion. The court entered judgment only after a hearing, at which the parties were presumably free to submit further evidence, although they apparently declined to do so. This procedure completely satisfied the requirements of T.R. 56. *See Otte v. Tessman*, (1981) Ind., 426 N.E.2d 660.

2. This provision is now codified at IND.CODE 36–8–3–4 (1982).

decision of dismissal or suspension by said board, but shall not have the right of appeal from any other decision. Such appeal shall be taken by such party filing in such court, within thirty (30) days after the date such decision is rendered, a bond as herein required and a verified complaint stating in concise manner the general nature of the charges against him or her, the decision of the board thereon, and a demand for the relief asserted by plaintiff.... Such city may file a motion to dismiss the appeal for failure to perfect the same within the time and in the manner required by this section.

Under this statute, Roark was required to seek judicial review within thirty days of the Board's decision to suspend him. His failure to do so precluded the trial court from exercising jurisdiction over this case and entitled the City to dismissal. I.C. 18–1–11–3, *supra; See May v. Blinzinger,* (1984) Ind.App., 460 N.E.2d 546 (failure to follow general statutory procedure for judicial review precludes review on the merits); *City of Marion v. Antrobus, supra* (failure to comply with I.C. 18–1–11–3 (1976) deprives trial court of jurisdiction over the case). This is true of Roark's complaint even though, as amended, it included a claim under 42 U.S.C. § 1983 that the City had violated his civil rights by suspending him. *May v. Blinzinger, supra* (section 1983 action barred by plaintiff's failure to seek timely judicial review); *State ex rel. Basham v. Medical Licensing Board,* (1983) Ind.App., 451 N.E.2d 691 (same). That Roark has denominated this as an action for wrongful discharge rather than an appeal obviously does not exempt him from the requirements of I.C. 18–1–11–3.

■ We note that the decision in *Coates v. City of Evansville,* (1971) 149 Ind.App. 518, 273 N.E.2d 862, might be read as requiring a contrary result. In *Coates,* as here, an officer was suspended indefinitely pending the outcome of criminal proceedings against him. On appeal, the court held Coates was properly allowed to challenge this decision after the thirty day limit of I.C. 18–1–11–3 had run because such an indefinite suspension "was not of such a conclusive or final nature that a meaningful appeal could have been taken ...." *Id.* at 527, 273 N.E.2d at 868. This holding seems clearly contrary to I.C. 18–1–11–3, which requires that one "suspended ... for any period in excess of ten days" must appeal within thirty days. Moreover, we do not believe a decision, such as the Board's decision here, to suspend an officer pending the outcome of criminal proceedings is necessarily lacking in finality. Although such a suspension leaves open the question of whether the officer will ultimately be dismissed when the criminal prosecution ends, an indefinite suspension represents a clear decision that, in the interim, the officer will not be kept on the payroll. Thus, to the extent that *Coates* might be interpreted as excusing Roark from compliance with the thirty day time limit of I.C. 18–1–11–3, we decline to follow it. We accordingly hold that the time limit set by I.C. 18–1–11–3 was applicable here.

Roark does not seriously dispute the applicability of this statute. Instead, he argues that the court should not have dismissed his complaint because evidence before the court shows this case falls under one of the exceptions to the general rule requiring exhaustion of administrative remedies. Alternatively, Roark claims this evidence at least raised a genuine issue of material fact as to whether he was required to exhaust his administrative remedies.

■ The fatal flaw in this argument is Roark's misconception, apparently shared by the City, that the rule requiring exhaustion of administrative remedies is applicable where, as here. the plaintiff has failed to comply with the statutory procedure for obtaining judicial review. By its own terms, however, the exhaustion doctrine applies only to those who are seeking judicial relief without first exhausting the prescribed administrative remedy. *Board of School Comm'rs. v. Eakin,* (1983) Ind., 444 N.E.2d 1197; *Wilson v. Review Board of the Indiana Employment Security Divi-*

*sion,* (1979) 270 Ind. 302, 385 N.E.2d 438, *cert. denied,* 444 U.S. 874, 100 S.Ct. 155, 62 L.Ed.2d 101. In this case, Roark has not failed to exhaust his administrative remedies. Rather, he has simply failed to seek judicial relief within the time set by statute. As a result, we find no merit in Roark's claim that evidence establishing an exception to the exhaustion rule precluded dismissal of his claim or raised a genuine issue of material fact. The trial court's decision to dismiss Roark's complaint as untimely under I.C. 18–1–11–3 was not contrary to law.

▪ Finally, Roark argues the court erred in dismissing his complaint while interrogatories he had served on the City remained unanswered. It is generally improper to grant summary judgment when requests for discovery are pending. *Alabama Farm Bureau Mut. Casualty Co. v. American Fidelity Life Ins. Co.,* (5th Cir. 1979) 606 F.2d 602, *cert. denied,* (1980) 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22; *see Rembold Motors, Inc. v. Bonfield,* (1973) 155 Ind.App. 422, 293 N.E.2d 210. An exception to this rule arises, however, when the pending discovery is unlikely to develop a genuine issue of material fact. *Aviation Specialties, Inc. v. United Technologies Corp.,* (5th Cir.1978) 568 F.2d 1186. Such is the case here. In light of the City's motion to dismiss, the only possible issue of material fact was whether or not Roark filed this action within thirty days of the Board's decision, as required by I.C. 18–1–11–3. Materials before the court, specifically Roark's affidavit and his complaint, clearly show the complaint was not timely filed. None of Roark's pending interrogatories seems likely to disclose any genuine factual issue on this crucial point. Rather, Roark's interrogatories are relevant here only under his theory that this case falls under some exception to the rule requiring exhaustion of administrative remedies, a rule we have already held to be inapplicable. Thus, we find that the trial court properly entered judgment against Roark

even though the City had not answered his interrogatories.

The trial court's judgment is affirmed.

CONOVER, P.J., and MILLER, J., concur.