Craig DENNIS, Appellant–Plaintiff,

v.

**BOARD OF PUBLIC SAFETY OF FORT WAYNE, Indiana, Appellee–Defendant.**

No. 02A03–1007–PL–379.

Court of Appeals of Indiana.

Feb. 22, 2011.

Richard E. Beers, Joshua A. Burkhardt, Adam M. Henry, Beers Mallers Backs & Salin, LPP, Fort Wayne, IN, Attorneys for Appellant.

Carolyn M. Trier, Trier Law Office, Fort Wayne, IN, Attorney for Appellee.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issues

The Board of Public Safety of Fort Wayne, Indiana (the "Board") placed Craig Dennis on indefinite unpaid leave from his employment as a police officer. Several months later, following his acquittal of a criminal charge, the Board reinstated Officer Dennis's employment but denied his request for back pay. Officer Dennis then filed a complaint for judicial review, which the trial court dismissed, concluding it lacked subject matter jurisdiction. Officer Dennis appeals the trial court's order of dismissal. He raises two issues, which we restate as: 1) whether the Board's actions in placing Officer Dennis on indefinite unpaid leave and later denying his request for back pay constitute a suspension subject to judicial review under Indiana Code section 36–8–3–4; and 2) whether the Board's decision was final, such that the thirty-day time period to file for judicial review began to run, from the date the Board placed Officer Dennis on indefinite unpaid leave, or instead from the date it denied his request for back pay. We conclude Officer Dennis's indefinite unpaid leave pending the outcome of the criminal charge was a suspension of greater than five days, thus subject to judicial review, and the Board's decision became final when it denied Officer Dennis's request for back pay, such that his complaint for judicial review was timely filed. We therefore reverse the trial court's order of dismissal and remand for further judicial review proceedings.

### Facts and Procedural History

Officer Dennis is employed as a police officer with the City of Fort Wayne. On December 17, 2008, Officer Dennis was arrested in Huntington County, Indiana, and charged with battery. On January 5, 2009, the Board placed Officer Dennis on "unpaid administrative leave pending the disposition of the criminal charge as provided by [Indiana Code section] 36–8–3–4(n)." Appendix of Appellant at 49.

. In July 2009, the battery charge proceeded to a jury trial in Huntington Superior Court, and the jury acquitted Officer Dennis. Following the acquittal, Officer Dennis requested reinstatement of his em-

ployment and back pay for the duration of his unpaid leave. At some point in time unclear from the record, the Board reinstated Officer Dennis to his employment. On October 12, 2009, the Board held a meeting at which it considered and denied Officer Dennis's request for back pay.

On November 9, 2009, Officer Dennis filed a verified complaint for judicial review of the Board's decision.[1] Specifically, Officer Dennis challenged as "arbitrary, capricious, and illegal" the Board's denial of his request for back pay, and asked the trial court to award him back pay, liquidated damages, costs, interest, and reasonable attorney fees. *Id.* at 24. The Board filed a motion to dismiss for lack of subject matter jurisdiction. The trial court held a hearing on the motion to dismiss, and on June 16, 2010, issued its order dismissing Officer Dennis's complaint with prejudice. The trial court concluded:

> [T]he statutory language set forth at I.C. [§ ] 36–8–3–4 limits this Court's review to decisions of a board of public safety pertaining to suspension (exceeding five days), demotion or dismissal. Plaintiff has not met his burden of presenting any authority contrary to this express language that would give this Court such judicial review.

*Id.* at 8. Officer Dennis now appeals.

### Discussion and Decision

### I. Standard of Review

Officer Dennis appeals from the trial court's grant of the Board's motion to dismiss. In reviewing the grant or denial of a motion to dismiss for lack of subject matter jurisdiction, our standard of review is a function of what occurred in the trial court. *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind.2001). If the facts before the trial court are not in dispute, or if the trial court rules on a paper record without conducting an evidentiary hearing, we review the trial court's ruling de novo. *Id.* In the present case, the facts relevant to the question of jurisdiction are not disputed, and the trial court held a hearing at which it heard argument of counsel but received no evidence beyond the paper record. Therefore, our review is de novo.

### II. Scope of Judicial Review Under Indiana Code Section 36–8–3–4

The trial court granted the Board's motion to dismiss, concluding it lacked subject matter jurisdiction. Subject matter jurisdiction concerns a trial court's power to hear and decide a certain class of cases, that is, whether the claim at issue "falls within the general scope of authority conferred on the court by the Indiana Constitution or by statute." *Johnson v. Patriotic Fireworks, Inc.,* 871 N.E.2d 989, 992 (Ind.Ct.App.2007). The scope of judicial review of public safety board decisions is provided, as the trial court recognized, by Indiana Code section 36–8–3–4(e). This section states:·

> A member [of a police or fire department] who is suspended for a period exceeding five (5) days, demoted, or dismissed may appeal the decision to the circuit or superior court of the county in which the unit is located. However, a member may not appeal any other decision.

Thus, only decisions concerning suspension exceeding five days, demotion, or dismissal

---

1. Officer Dennis's complaint named the Board as the sole defendant. On appeal, Officer Dennis acknowledges that pursuant to Indiana Code section 36–8–3–4(f), the governmental unit, that is, the City of Fort Wayne, was the proper defendant. However, neither the Board nor the trial court has invoked failure to name the proper governmental entity as a basis for dismissal. Consequently, we do not address this issue further.

are subject to judicial review. Neither demotion nor dismissal is at issue in this case. Accordingly, Officer Dennis can invoke the trial court's subject matter jurisdiction only if the decision of which he seeks review is one concerning a suspension of more than five days. *See Cox v. Town of Rome City,* 764 N.E.2d 242, 248–49 (Ind.Ct.App.2002) (holding, under the above statute precluding judicial review of "minor disciplinary actions," officer could not seek review of two and one-half day suspension).

As to whether Officer Dennis's indefinite unpaid leave is such a suspension, we initially consider the statutory provision that allows a safety board to place an officer on administrative leave pending the outcome of a criminal charge.

> If the member is subject to criminal charges, the board may place the member on administrative leave until the disposition of the criminal charges in the trial court. Any other action by the board is stayed until the disposition of the criminal charges in the trial court. An administrative leave under this subsection may be with or without pay, as determined by the board. If the member is placed on leave without pay, the board, in its discretion, may award back pay if the member is exonerated in the criminal matter.

Ind.Code § 36–8–3–4(n). As this statute implicitly recognizes, the time frame for disposition of a criminal charge is inherently open-ended and not subject to determination in advance. Thus the statute permits indefinite administrative leave, "until the disposition of the criminal charges." Nothing in Indiana Code section 36–8–3–4 indicates such indefinite leave is not subject to judicial review if its duration turns out to exceed five days. In other words, nothing in the statute limits the right of judicial review to suspensions of fixed duration. And as explained below, the statute implies administrative leave under subsection (n) is a kind of suspension.

■ Indiana Code article 36–8 does not define the term "suspension," and section 36–8–3–4 provides no explicit answer as to whether the term includes administrative leave under subsection (n). However, this question is addressed implicitly. Subsection (b) of Indiana Code section 36–8–3–4 states:

> *Except as provided in subsection (n),* a member may be disciplined by demotion, dismissal, reprimand, forfeiture, or suspension upon either:
>
> (1) conviction in any court of any crime; or
>
> (2) a finding and decision of the safety board that the member has been or is guilty of any one (1) or more of the following:
>
> [enumerated grounds of discipline]
>
> ... *If a member is suspended or placed on administrative leave under this subsection,* the member is entitled to the member's allowances for insurance benefits to which the member was entitled before being suspended or placed on administrative leave. In addition, the local unit may provide the member's allowances for any other fringe benefits to which the member was entitled before being suspended or placed on administrative leave.

Ind.Code § 36–8–3–4(b) (emphasis added). The first clause emphasized indicates administrative leave under subsection (n) is a kind of "demotion, dismissal, reprimand, forfeiture, or suspension," which could logically refer only to suspension. The second clause emphasized and the language following it imply a member may be "placed on administrative leave" under subsection (b), which otherwise refers only to demotion, dismissal, reprimand, forfeiture, or suspension. Again, a plain read-

ing of this language indicates administrative leave is a kind of suspension. We conclude indefinite administrative leave under Indiana Code section 36–8–3–4(n) is a kind of suspension and is subject to judicial review if its actual duration exceeds five days.[2]

Officer Dennis was placed on indefinite administrative leave under subsection (n) and the actual duration of his leave exceeded seven months. Thus, the Board's decision in this respect was a suspension subject to judicial review under Indiana Code section 36–8–3–4(e). We next address the Board's argument that the trial court lacks subject matter jurisdiction because Officer Dennis is not appealing the suspension but rather the Board's decision to deny him back pay.

While Officer Dennis is appealing the denial of his request for back pay following his reinstatement, that decision is, in substance, the Board's reaffirmance of its initial decision to suspend him without pay. If the Board had suspended Officer Dennis with pay, or if it had granted his request for back pay, then there would be nothing to appeal at this juncture because the fact he was away from his employment duties for seven months cannot be undone. Here, however, Officer Dennis seeks review of the Board's final decision that, despite his acquittal of the criminal charge, he will not be paid for the roughly seven months of his suspension. Indiana Code section 36–8–3–4(n) provides that once a member is placed on unpaid administrative leave pending the outcome of a criminal charge, further action by the safety board

is stayed until the charge is disposed of, and if the member is exonerated, the safety board may award back pay. In effect, the statute provides the safety board may revisit its initial decision that the suspension should be unpaid. As explained in Part III below, such a suspension becomes final and subject to judicial review when back pay is denied. We acknowledge Indiana Code section 36–8–3–4(e) states a member who is suspended for more than five days, demoted, or dismissed may appeal, but "a member may not appeal any other decision." We read this limitation to mean a member who receives lesser discipline—a reprimand, forfeiture, or suspension of five days or less—has no right of judicial review. The Board's denial of Officer Dennis's request for back pay is a decision concerning nothing other than his indefinite suspension which was well over five days, and is therefore subject to judicial review.

We conclude the trial court had subject matter jurisdiction over Officer Dennis's complaint for judicial review of the Board's decisions suspending him indefinitely without pay and denying his request for back pay. This conclusion notwithstanding, because a trial court's order of dismissal may be affirmed on any legal theory apparent in the record, *see GKN Co.*, 744 N.E.2d at 401, and the parties also address based on undisputed facts the timeliness of Officer Dennis's complaint for judicial review, we proceed to address this issue.

### III. Timing of Judicial Review

■ Indiana Code section 36–8–3–4(f) provides that judicial review of a safety

---

**2.** The distinction between indefinite administrative leave under subsection (n) and other suspensions is that only subsection (n) permits a member to be suspended without a finding of a criminal conviction or other misconduct or incapacity as specified in subsection (b). *Compare* Ind.Code § 36–8–3–4(b) (stating "[e]xcept as provided in subsection (n), a member may be disciplined by ... suspension upon either" a criminal conviction or a finding of other misconduct or incapacity) *with* Ind.Code § 36–8–3–4(n) (providing a member may be placed on indefinite administrative leave upon being charged with a crime).

board decision must be sought by filing a verified complaint "within thirty (30) days after the date the decision is rendered." As we have observed in addressing this timing requirement, "[a]s a matter of law, the failure to follow statutory procedures for perfecting appeals results in a jurisdictional defect which precludes judicial review of an administrative adjudication." *Cox*, 764 N.E.2d at 247. Thus, as a matter of law, if Officer Dennis failed to file his complaint for judicial review within thirty days of the date the Board rendered its decision, then the Board was entitled to dismissal of the action.

If the thirty days began to run from October 12, 2009, when the Board issued its decision denying Officer Dennis's request for back pay, then his complaint for judicial review, filed on November 9, 2009, was timely. If, contrariwise, the pertinent decision was the Board's January 5, 2009 action placing Officer Dennis on indefinite unpaid leave pending the outcome of his criminal charge, then his complaint for judicial review was filed too late.

█ Indiana Code section 36–8–3–4 and Indiana caselaw indicate judicial review may be sought only of a final decision of a safety board. Indiana Code section 36–8–3–4(g) provides: "The decision of the safety board is final and conclusive upon all persons not appealing. The decision appealed from is not stayed or affected pending the final determination of the appeal, but remains in effect unless modified or reversed by the final judgment of the court." As we have observed, "[c]ourts are reluctant to review interim steps of an administrative body which … have not become final." *Downing v. Bd. of Zoning Appeals of Whitley County*, 149 Ind.App. 687, 690, 274 N.E.2d 542, 544 (1971). "A primary tenet of Indiana administrative law is that there must be final administrative action before there can be judicial

review thereof." *Shettle v. Meeks*, 465 N.E.2d 1136, 1139 (Ind.Ct.App.1984) (quotation omitted). An administrative order "is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." *Downing*, 149 Ind.App. at 691, 274 N.E.2d at 544. Thus, the statutory provision for judicial review of safety board decisions impliedly limits the right of appeal to final decisions that conclusively determine the discipline to which a member is subject.

█ The Board's January 5, 2009 decision placing Officer Dennis on indefinite unpaid leave was not a final decision because it left several questions unresolved. To begin with, it did not resolve how long the suspension would last, or consequently, how much pay Officer Dennis would forfeit. It also left open whether Officer Dennis would be reinstated or disciplined further; if he had been convicted of the criminal charge, he would have been subject to further discipline. *See* Ind.Code § 36–8–3–4(b). It was also uncertain whether Officer Dennis, if reinstated, would recover any of his back pay. Because the initial decision to place Officer Dennis on indefinite unpaid leave under Indiana Code section 36–8–3–4(n) did not conclusively determine the discipline he would receive, it was neither final nor subject to judicial review. Rather, the Board's decision became final when it denied Officer Dennis's request for back pay following his reinstatement. At that point, the Board conclusively determined Officer Dennis's discipline and retained no further issues to decide. Thus, we conclude Officer Dennis timely sought judicial review by filing his complaint within thirty days after the Board's decision denying his request for back pay and thereby making final its initial decision that the leave would be unpaid.

This conclusion is consistent with the basic principle of Indiana administrative law that a claimant who has an available administrative remedy must exhaust the administrative remedy before seeking judicial review. *See Hammond Bd. of Pub. Works & Safety v. Doughty*, 753 N.E.2d 97, 98 (Ind.Ct.App.2001). Our supreme court has emphasized the importance of pursuing administrative remedies before resorting to the courts:

> The exhaustion doctrine is intended to defer judicial review until controversies have been channeled through the complete administrative process. The exhaustion requirement serves to avoid collateral, dilatory action ... and to ensure the efficient, uninterrupted progression of administrative proceedings and the effective application of judicial review. It provides an agency with an opportunity to correct its own errors, to afford the parties and the courts the benefit of the agency's experience and expertise, and to compile a factual record which is adequate for judicial review.

*Johnson v. Celebration Fireworks, Inc.*, 829 N.E.2d 979, 982 (Ind.2005) (quotations and alterations omitted).

When the Board placed Officer Dennis on indefinite unpaid leave on January 5, 2009, he had an available administrative remedy: upon disposition of the criminal charge, he could petition the Board for reinstatement and back pay. Had the Board decided to award Officer Dennis back pay, it would have corrected its own

alleged error and Officer Dennis would have no occasion to seek relief from the trial court. If we were to conclude the thirty-day time period to file for judicial review began to run from the start of Officer Dennis's indefinite suspension, then we would be requiring him to seek judicial review when an administrative remedy was still available. Such a result would be contrary to existing law requiring exhaustion of administrative remedies before seeking judicial review of police disciplinary decisions. *See Turner v. City of Evansville*, 740 N.E.2d 860, 861–62 (Ind.2001) (holding officer's lawsuit challenging authority of police chief and merit commission was premature when appeal of officer's discipline before merit commission was still pending and officer therefore failed to exhaust available administrative remedies); *Doughty*, 753 N.E.2d at 99–100 (concluding officer failed to exhaust available administrative remedies when safety board gave interim approval to police chief's proposed dismissal of officer, but officer filed suit before safety board could hold final hearing on dismissal). For this reason, too, we conclude the Board's decision concerning Officer Dennis's unpaid suspension became final and subject to judicial review when, on October 12, 2009, it denied his request for back pay. As a result, Officer Dennis's complaint for judicial review, filed on November 9, 2009, was timely, and the trial court erred in granting the Board's motion to dismiss.[3]

We briefly discuss two cases cited by the parties that have addressed the timing of

---

**3.** The Board argues the trial court's order of dismissal should be affirmed because the Board's decisions in suspending Officer Dennis and denying his request for back pay were discretionary in nature, not arbitrary or capricious, and therefore not reversible. However, this argument is simply the Board's position as to the merits of the case, upon which the trial court did not rule. We remand to the trial court to consider the merits in the first instance. *See West v. Wadlington*, 933 N.E.2d 1274, 1277 (Ind.2010) (upon reversing grant of motion to dismiss for lack of subject matter jurisdiction, remanding to trial court for further proceedings and noting case was not ripe for adjudication under summary judgment standard).

judicial review of safety board decisions. In *Coates v. City of Evansville*, 149 Ind. App. 518, 527, 273 N.E.2d 862, 868 (1971), this court observed that an indefinite "'wait and see'" suspension pending the appeal of the fireman's criminal conviction "was not of such a conclusive or final nature that a meaningful appeal could have been taken" from the initial date of the suspension. *Coates* was disagreed with by *Roark v. City of New Albany*, 466 N.E.2d 62 (Ind.Ct.App.1984), which held that the officer was required by statute to seek judicial review within thirty days of the initial date of his suspension resulting from a criminal charge. *Id.* at 64–65. The officer in *Roark* apparently was later discharged from his employment, but the case contains no details regarding disciplinary action taken following the suspension. The facts of the present case are more like *Coates,* where the safety board resolved to revisit the suspension after the officer's criminal appeal was completed, and when the conviction was reversed, reinstated the officer. 149 Ind.App. at 527, 273 N.E.2d at 868. Ultimately, however, neither *Coates* nor *Roark* controls the present case because each was decided under a former version of the governing statute that did not contain subsection (n) of Indiana Code section 36–8–3–4, a subsection added in 1993. *See* P.L. 265–1993, § 1.

### Conclusion

Officer Dennis's indefinite unpaid leave pending the outcome of the criminal charge was a suspension of more than five days and thus subject to judicial review. The Board's decision concerning Officer Dennis's suspension became final when the Board denied his request for back pay following his reinstatement. Accordingly, Officer Dennis's complaint for judicial review was timely filed, the trial court had subject matter jurisdiction, and it erred in granting the Board's motion to dismiss. The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

RILEY, J., and BROWN, J., concur.