# MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 29 2015, 9:47 am

**CLERK**
of the supreme court,
court of appeals and
tax court

**APPELLANT PRO SE**

Thomas R. Cox
Panama City, Florida

## IN THE
## COURT OF APPEALS OF INDIANA

Thomas R. Cox,

*Appellant-Defendant,*

v.

Indiana Bureau of Motor Vehicles,

*Appellee-Plaintiff*

January 29, 2015

Court of Appeals Cause No. 39A04-1402-MI-88

Appeal from the Jefferson Superior Court
The Honorable Alison Frazier
Cause No. 39D01-1310-MI-945

**Bailey, Judge.**

[1] Thomas R. Cox ("Cox"), proceeding *pro se*, appealed the trial court's dismissal of his claims against the Indiana Bureau of Motor Vehicles ("BMV"). On March 21, 2014, during the pendency of the appeal, Cox had filed a motion captioned as a "motion for correction," which this Court's motions panel ordered held in abeyance. On November 19, 2014, this Court entered its

opinion on Cox's appeal affirming the trial court's decision, but did not enter an order on the motion for correction. *See Cox v. Ind. Bureau of Motor Vehicles*, Slip Op., Cause No. 39A04-1402-MI-00088.

[2] On January 10, 2015, Cox filed his notice of an outstanding motion, seeking a ruling on the motion for correction. We construe Cox's notice as a petition for rehearing, which we grant today for the sole purpose of ruling on Cox's previously unaddressed motion for correction.

[3] Cox's motion, and his petition for rehearing, contend that Cox's license suspension "was caused by the BMV's continuing negligence to clear court orders." (Pet'n at 2.) He accordingly requests, "Release the suspensions you have no right to carry…. Ten years ago, you screwed up, BMV, and have since continued…. Do the right thing and act on this motion outstanding for over half a year." (Pet'n at 3.)

[4] As best we can discern, Cox's petition is addressed to the BMV more than to this Court. Even construed as addressed to this Court, Cox's petition requests relief we cannot grant. Cox's trial-level contentions centered on constitutional and tort claims, the dismissal of which we affirmed in our original decision. His petition for rehearing seeks correction of administrative agency action, without having brought or properly perfected such an appeal from agency action in this case. *See, e.g., Dennis v. Bd. of Pub. Safety*, 944 N.E.2d 54, 60 (Ind. Ct. App. 2011) (observing "the basic principle of Indiana administrative law that a claimant who has an available administrative remedy must exhaust the

administrative remedy before seeking judicial review"). Absent such a properly perfected appeal, we lack authority to resolve the issues in Cox's motion for correction and petition for rehearing.

[5] Having found no basis upon which to grant relief under Cox's petition, we deny his motion for correction and reaffirm in all respects our prior decision in this matter.

Najam, J., and Pyle, J., concur.