**Michael J. DELANEY, Plaintiff,**

v.

**Gary CARMICHAEL, Individually and as Sheriff of Delaware County, Jim Hendricks, Individually and as a member of the Reserve Review Board, Randy Johnson, Individually and as a member of the Reserve Review Board, Earl Roberts, Individually and as a member of the Reserve Review Board, James St. Meyer, Individually and as a member of the Reserve Review Board, Larry Clark, Individually and as a member of the Reserve Review Board, Rich Lopez, Individually and as a member of the Reserve Review Board, Defendants.**

**Cause No. IP 86–1643–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Aug. 26, 1987.

Wesley D. Schrock, Shearer & Schrock, Anderson, Ind., for plaintiff.

Edwin L. Gagnon, Byrum, Gagnon & Diehl, Indianapolis, Ind., for defendants.

## ENTRY

BARKER, District Judge.

This matter is before the court on cross-motions for summary judgment by the plaintiff Michael Delaney and the defendants Gary Carmichael, et al. Both parties argue that there is no genuine issue as to any material fact and each claims entitlement to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56(c). Set forth below are the decision and reasoning of the court.

### I. *Background*

In June of 1980 Michael L. Delaney was appointed to the Delaware County Police Reserves in Delaware County, Indiana. Mr. Delaney served as a reserve police officer for approximately four and one-half years but, apparently, at some point questions were raised about Mr. Delaney's adherence to the Rules and Regulations of the Delaware County Police Reserves. On January 10, 1985, Mr. Delaney was questioned about these alleged violations at a meeting of the Reserve Review Board, an entity which had as members Jim Hendricks, Randy Johnson, Earl Roberts, James St. Meyer, Larry Clark, and Rich Lopez, all defendants in this action. Shortly after the January 10, 1985 meeting on January 15, 1985, the Sheriff of Delaware County, Gary Carmichael, sent a letter to Mr. Delaney discharging him from the reserve police force.

In response, Mr. Delaney filed this action against the members of the Reserve Review Board and Mr. Carmichael. Mr. Delaney claims that his termination was ineffective and that the manner of his termination violated his rights to due process as guaranteed by the fourteenth amendment to the United States Constitution. Because Mr. Delaney is bringing the suit pursuant to 42 U.S.C. § 1983, this court has jurisdiction under 28 U.S.C. § 1343(a)(3).

Mr. Delaney moves for summary judgment on his claim and posits three basic arguments as to why his motion should be granted. First, he urges that the Delaware County Ordinance which grants the sheriff authority to discharge reserve police officers without notice or cause is void because it conflicts with state statutes. Second, the plaintiff argues that state statutes forbid a sheriff from unilaterally discharging a reserve police officer and instead require that the sheriff obtain approval from the sheriff's merit board of the county. Finally, Mr. Delaney argues that his summary discharge violated his right to procedural due process.

The defendants respond by denying all of Mr. Delaney's allegations. In addition, they have moved for summary judgment in their favor on the ground that Mr. Delaney was an employee at will and thus was properly discharged by Mr. Carmichael. Alternatively, the defendants urge that they are immune from this section 1983 claim because their acts were performed as discretionary functions.

## II. *Discussion*

Delaware County has by ordinance specifically authorized its sheriff to summarily dismiss reserve police officers. Delaware County Code § 1–9–1 declares: "(C) Members of 'the Delaware County Police Reserves' shall be appointed by the Sheriff of Delaware County.... (E) A member of the Delaware County Police Reserves may be removed by the Sheriff at anytime, without notice, and without assigning any cause." Mr. Delaney urges, however, that the county ordinance is in conflict with statutes enacted by the Indiana General Assembly and that, therefore, the county ordinance must be struck down as void.

This court fails to perceive any such conflict between the Delaware County Ordinance and any of the referenced state statutes. The plaintiff argues that the appointment procedure established by the Delaware County Code violates the provisions of Indiana Code §§ 36–8–3–20 and 36–8–10–10. In its relevant portion, section 36–8–3–20 provides that "[p]olice reserves shall be appointed by the same authority that appoints regular members of the department" and § 36–8–10–10, in turn, limits appointment of regular members of the police department to "[o]nly those applicants who in the opinion of the Sheriff and the [merit] board best meet the prescribed standards and prerequisites."

The plaintiff argues that the Delaware County Code conflicts with these state statutes because it allows appointments of reserve police officers without approval of the merit board. Mr. Delaney was appointed *prior* to the 1984 enactment of Delaware County Code § 1–9–1. Furthermore, as the defendants point out, Delaney's complaint does not challenge his appointment to the reserves, only his dismissal. The court, therefore, will not directly address or attempt to resolve this issue because it is not properly presented in the case at bar.

The plaintiff also urges that the Delaware County Ordinance is void because its sanctioning of unilateral *dismissals* of reserve officers by the sheriff is in conflict with Indiana Code § 36–8–10–11 which, in pertinent part, provides that "[t]he Sheriff may dismiss, demote, or temporarily suspend a county police officer for cause after preferring charges in writing and after a fair public hearing before the [merit] board.... A notice of the charges must be delivered by certified mail to the officer to be disciplined...." The plaintiff acknowledges that the term "county police officer" expressly encompasses only *regular* police officers. He argues, however, that this language of I.C. § 36–8–10–11 should be seen as *impliedly* encompassing the dismissals of reserve police officers as well.

*See* Plaintiffs' Brief in Support of Summary Judgment at 4.

■ Of course, if the court were to adopt the plaintiff's interpretation of I.C. § 36–8–10–11, the Delaware County Ordinance allowing the Sheriff to summarily dismiss reserve police officers would have to be struck down as inconsistent. The plaintiff argues in favor of interpreting the dismissal procedures of I.C. § 36–8–10–11 to apply equally to reserve police officers, by noting that the Indiana Code is

> clear about reserve police officers being appointed by the same authority which appointed the regular police officers. [I.C. § 36–8–3–20.] Further, the Code provides that regular police officers can be removed by the Sheriff with approval of the Board. This implies that reserve police officers shall be treated the same as regular county police officers for the purpose of discipline and removal.

Plaintiff's Brief in Support of Motion for Summary Judgment at 4. The logic of this argument escapes the court. How the fact that the Code requires *reserve* police officers to be appointed by the same authority as regular police officers and then sets out a procedure for removing *regular* police officers "implies" that *reserve* police officers should be removed in the same way is unclear at best. If anything, the fact that the Code expressly requires that reserve police officers only be *appointed*—but not *removed*—by the same authority as regular police officers (*see* I.C. § 36–8–3–20), combined with the fact that § 36–8–10–11 refers *only* to "county police officer" and not to "police reserves" "implies" that the state legislature had every intention of *excluding* reserve police officers from the procedural protections of I.C. § 36–8–10–11. The language of section 36–8–3–20 makes it clear that the legislature was aware of how to make a statute expressly applicable to *reserve* police officers. The reading of other sections of the Code makes it equally clear that the state legislature maintained a distinction between the terms "county police officer" and "police reserves"—and that the former did not include the latter. The fact that reserve

officers are treated differently than regular county police officers does not necessarily establish a conflict in the controlling statutes and ordinance. That clearly appears to be what the legislative bodies intended in this instance, and it is the duty of this court to give effect to the "plain language" of a statute when the legislative intent is sufficiently clear in its context. *See Ernst and Ernst v. Hochfelder,* 425 U.S. 986, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976). Furthermore, even if the statutory language here is arguably ambiguous, it should be read in a way that preserves the clear intent of the legislature. *Cf. C.I.R. v. Engle,* 464 U.S. 206, 104 S.Ct. 597, 78 L.Ed. 2d 420 (1984). Given this, the court finds that the terms of I.C. § 36–8–10–11 are *not* applicable to dismissals of reserve police officers and Delaware County Ordinance § 1–9–1–E is not in conflict with the state statute.

■ The plaintiff's second argument for summary judgment is equally flawed. He urges that, regardless of whether Ordinance § 1–9–1–E is void, the sheriff's unilateral dismissal of Mr. Delaney violates Indiana statutes. Again the plaintiff looks to I.C. § 36–8–3–20 and argues that "[b]y failing to provide a different means of terminating reserve county police officers from that of regular county police officers, while stating that the manner of appointment shall be the same, our legislature has, by implication, expressed the intent that the two classes of police officers shall be treated the same when it comes to dismissal or termination from the department." Plaintiff's Brief at 7–8.

This is a somewhat baffling argument. Express *provision* of an appointment procedure for the reserves and pointed *silence* as to a removal procedure for the reserves does *not* imply that the removal procedure must necessarily be the same as the appointment procedure. In fact, in this situation it suggests directly the opposite. If the state legislature wanted to provide a removal process for the reserves, it would have done so, expressly—just as it did for the reserves' appointment procedure and for the regular police officers' appointment and removal procedure.

The plaintiff counters, however, that he has precedential support for his posited interpretation of legislative intent, citing *Simmons and Smith v. Delaware County Police Reserves and Gary Carmichael,* IP 81–1162–C, Memorandum attached to Entry of August 5, 1982. The plaintiff states that "the facts of [*Simmons* and *Smith* ] are uncommonly similar to this case" and quotes the case as finding that "[p]laintiffs could only be discharged by the appointing authority." Therefore, concludes the plaintiff, because the state statute requires the Sheriff to act with the advisement of the merit board when making *appointments,* the same procedure and "authority" must be used for *dismissals.* The plaintiff can find no other support for this conclusion but attempts to excuse this fact by urging that

> it was so clear to [the judge] in *Simmons and Smith* ... that the statement required no authority for support. If the law is so well settled on this point that [the judge] did not have to search the length and breadth of reported cases to conjure up support for his assertion, then this must be a point of law which a reasonable person would know.

Plaintiff's Reply Brief at 4.

This use of *Simmons and Smith* by the plaintiff is both irresponsible and unwarranted. First, by citing a five-year-old unpublished decision and by failing to provide a copy of that decision with his pleadings, the plaintiff has imposed upon this court needless costs and efforts required to obtain such a copy. In addition, the practice violates the rule controlling use of unpublished opinions.

Far more importantly, however, the plaintiff's assertion that the court in *Simmons and Smith* "forcefully and concisely" held that "[p]laintiffs could only be discharged by the appointing authority" is untenable when the quoted sentence is read in context. It is obvious that the quoted sentence is basically a throwaway line in the middle of a paragraph in the *Simmons*

*and Smith* opinion—clearly not the forceful and concise ruling characterized by the plaintiff. More fundamentally, however, the statement is made in the midst of a decision as to whether the plaintiff's section 1983 claim should be dismissed for failing to allege that the defendants were acting "under color of state law." Thus, when the district court judge in *Simmons and Smith* stated that the "plaintiffs could only be discharged by the appointing authority" and then dismissed the complaint for failing to "allege the identity of the appointing authority," it was speaking only in the most general terms, having been concerned only with the question of whether the plaintiff was appointed and discharged by *some* authority acting "under color of state law." The court was most assuredly *not* addressing the question of whether reserve police officers must be dismissed under the same procedures as regular police officers. Furthermore, the *Simmons and Smith* court made the statement without any citations and as part of a non-essential ruling.[1] These factors serve to punctuate the fact that *Simmons and Smith* lends no persuasive force to the plaintiff's argument. The plaintiff's reliance on *Simmons and Smith* is misguided at best.

The plaintiff's final argument in support of summary judgment is that Mr. Carmichael's unilateral dismissal of Mr. Delaney violated Mr. Delaney's right to procedural due process because, among other defects, Mr. Delaney was given no notice of a hearing. The threshold question under any fourteenth amendment due process claim, however, is whether the plaintiff has been deprived of a cognizable life, liberty, or property interest. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972). Mr. Delaney makes no life or liberty claims, so the question before the court is whether the plaintiff had any protectible property interest in his job as a reserve police officer.

---

1. The court dismissed the plaintiff's complaint on two *independent* grounds. Therefore, the holding that the plaintiff failed to allege action "under color of state law" was not essential to the court's two and one-half page dismissal of the complaint.

■ Mr. Delaney correctly asserts that the job of a tenured civil servant is "property" and therefore entitled to due process protection. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The crucial question, of course, is whether plaintiff's position was in fact tenured. The plaintiff cites a series of cases in support of his argument that he has a protectible property interest in his job as a reserve police officer. Yet, in each cited case the employee's entitlement to continued employment unless removable for cause was *expressly* created by a statute or ordinance. *See Loudermill,* 105 S.Ct. at 1491 (employee's property interest in job expressly created by state statute); *City of Terre Haute v. Brighton,* 450 N.E.2d 1039, 1041 (Ind.App. 1983) (same); *State ex rel., Miecznikowski v. City of Hammond,* 448 N.E.2d 1239 (Ind.App.1983) (same); *City of Mishawaka v. Stewart,* 261 Ind. 670, 310 N.E.2d 65, 66, 68 (1974) (same); *State ex rel. Warzyniak v. Grenchik,* 177 Ind.App. 393, 379 N.E.2d 997, 1002 (1978) (same); *Hunt v. Shettle,* 452 N.E.2d 1045, 1050 (Ind.App.1983) (same); *Atkinson v. City of Marion,* 411 N.E.2d 622, 625–26 (Ind.App.1980) (employee's property interest in job expressly created by state statute and departmental rules); *Bigby, et al. v. City of Chicago, et al.,* 766 F.2d 1053, 1056 (7th Cir.1985) (employees have *no* property interest in job because *not* within express terms of statute). Indeed, Indiana courts have declared that a "property" interest in employment is created by existing rules or understandings and that "the scope of this interest is defined by state law." *Brighton,* 450 N.E.2d at 1041. This state court declaration grows directly out of the U.S. Supreme Court's holding in *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In *Roth,* the Court stated that, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.... Property interests ... are created and their dimensions are defined by exist-

ing rules or understandings that stem from an independent source such as state law." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. In other words, the Supreme Court has made clear that an expectation of continued employment will only rise to the level of an entitlement if that expectation is both *reasonable* and *bilateral.* It is obvious that Mr. Delaney had no such entitlement given this court's previous holding that the procedural protections of I.C. § 36–8–10–11 are *not* applicable to reserve police officers and further given that the plaintiff proffers no other basis for such an entitlement. In fact, the language of Delaware County Code § 1–9–1 should have created quite the opposite expectation in Mr. Delaney—that is, that he "may be removed by the Sheriff at any time, without notice, and without assigning any cause." Because Mr. Delaney did not have a protectible property interest in his job as a reserve police officer, his constitutional due process claim must be denied.

### III. *Conclusion*

Delaware County Code § 1–9–1 is not void as being in conflict with state statutes. Furthermore, reserve police officers have no cognizable property interest in their jobs and are therefore not constitutionally entitled to "due process" before being dismissed. Mr. Delaney was dismissed by the Sheriff of Delaware County in accordance with the terms of Ordinance § 1–9–1. There being no issue of any fact material to the question of Mr. Delaney's dismissal, the court now DENIES the summary judgment motion of Mr. Delaney and GRANTS the summary judgment motion of the defendants. The court does not find it necessary to reach the defendants' immunity argument, in light of the prior holdings.